ROY COLEMAN, Appellant, v. ANNA A. ALDERMAN and MASON C. ALDERMAN.—No. 40390.—210 S. W. (2d) 994.

Division One, April 12, 1948.

Rehearing Denied, May 10, 1948.

*Claude L. Schenck* for appellant.

*Cowgill & Popham* and *Sam Mandell* for respondents.

[995] DOUGLAS, P. J.—This is an action to set aside a conveyance of real estate for fraud of creditors. It differs from the usual action of this character in that plaintiff did not become a creditor until some six years subsequent to the conveyance of the real estate, instead of being a creditor at the time the land was transferred.

The first question presented here is whether plaintiff made a prima facie case of fraud as the trial court dismissed plaintiff's petition with prejudice at the close of plaintiff's case.

Stronger evidence of fraud is required in a case brought by a subsequent creditor because ordinarily a person is free to dispose of his property as he sees fit if he is not indebted at the time. Therefore, a subsequent creditor must prove actual fraud in the conveyance rather than mere constructive fraud which is usually held to be sufficient in the case of an existing creditor. Payne v. Stanton, 59 Mo. 158; Fisher v. Lewis, 69 Mo. 629; Snyder v. Free, 114 Mo. 360, 21 S. W. 847; Lander v. Ziehr, 150 Mo. 403, 51 S. W. 742; Cole v. Cole, 231 Mo. 236, 132 S. W. 734; Coleman v. Hagey, 252 Mo. 102, 158 S. W. 829; Clapp v. Kenley, 277 Mo. 380, 210 S. W. 10; May v. Gibler, 319 Mo. 672, 4 S. W. (2d) 769; Stierlin v. Teschemacher, 333 Mo. 1208, 64 S. W. (2d) 647.

There is a second question presented on the statute of limitations. We will consider this question first because if the statute has run, the question whether or not plaintiff proved fraud is not controlling.

Plaintiff recovered judgment on June 16, 1939 for $5,000 against defendant Dr. Mason C. Alderman for the death of his wife which he alleged was caused by a criminal abortion performed upon her by Dr. Alderman. In the present action plaintiff seeks to set aside for fraud two deeds conveying residence lots in Clay County to Mrs. Alderman, wife of the doctor. The deeds were from third parties but plaintiff alleges Dr. Alderman, the judgment debtor, caused the grantors to convey the lots to his wife. Both deeds were dated and recorded on January 20, 1933. This suit was filed on June 19, 1943 or more than ten years after the deeds were recorded.

The section of the statute of limitations pertaining to actions for fraud does not apply to cases of this kind. Section 1014. R. S. 1939, Mo. R. S. A. provides that actions for fraud must be brought within five years from the discovery of the fraud by the aggrieved party, and that such party has ten years within which to discover the fraud. But it has been consistently ruled by this court that this section is not applicable to cases involving the title to real estate.

An action to set aside a fraudulent conveyance has been held to be governed by the section of the statute of limitations governing actions for the recovery of lands. Section 1002 R. S. 1939, Mo. R. S. A. imposes a limitation of ten years on such actions While other jurisdictions hold that an action to set aside a fraudulent conveyance is not an action for recovery of land within the purview of a statute of limitations, the contrary rule has become well fixed in this state and we adhere to and follow it. cf. Annos. 76 A. L. R. 864, 128 A. L. R. 1289.

[996] The earliest case on this point we find in this state is Rogers v. Brown, 61 Mo. 187 which was an action to set aside a conveyance for fraud of creditors. The facts show the conveyance was recorded on October 26, 1857. The creditors obtained judgments on their debts subsequent thereto on March 12, 1862. They filed their action to set aside the conveyance on December 10, 1867 or more than ten years after the conveyance was recorded, alleging they did not discover the fraud until March 1, 1867. However, this court held that the ten-year statute governing actions for the recovery of lands applied to an action to set aside a conveyance in fraud of creditors, and that delay in discovering the fraud did not postpone the running of the ten-year statute. Therefore, the action was barred because it was not filed within ten years from the date on which the deed was recorded, and that plaintiffs were chargeable by law with notice of the recorded conveyance. We approved this ruling in Hughes v. Littrell, 75 Mo. 573, 575, also an action to set aside a conveyance in fraud of creditors, where we said: "The case of Rogers v. Brown, 61 Mo. 187, is decisive of the point presented; it having been held in that case that as to a creditor who seeks to impeach a deed made by his debtor conveying real estate to a third person in fraud of his

762

creditors, the statute of limitations begins to run from the time the alleged fraudulent deed was recorded or from the time the creditor had actual notice of the conveyance, whichever first occurred.'' We have followed this rule ever since.

In Miller v. Allen (Mo.), 192 S. W. 967 we held the five-year statute limiting actions for fraud was not applicable in that case because an interest in real estate was involved. In Branner v. Klaber, 330 Mo. 306, 49 S. W. (2d) 169 we said that failure to discover fraud does not toll the running of the ten-year statute. And lately we held again in Gibson v. Ransdell (Mo.), 188 S. W. (2d) 35 that the statute of limitations in an action to set aside a conveyance in fraud of creditors commences to run from the date the deeds are filed for record.

Since this action was filed more than ten years after the recording of the deeds sought to be set aside it is barred by the ten-year statute.

Plaintiff alleges in his petition that the title to the lots in question was placed in the name of Dr. Alderman's wife to defraud subsequent creditors, and to protect the doctor from pecuniary loss in the future arising out of the doctor's hazardous practice of performing unlawful operations on pregnant women. We have read the record of the proceedings below and find that plaintiff failed to prove his case.

The trial court properly entered judgment at the close of plaintiff's case dismissing plaintiff's petition with prejudice, and its judgment must be affirmed.

Judgment *affirmed*. All concur.