William J. **KLEINHEIDER** et al.,
Plaintiffs,

v.

**PHILLIPS PIPE LINE COMPANY**, a
Delaware Corporation, Defendant.

No. 74–80 C (1).

United States District Court,
E. D. Missouri, E. D.

Feb. 4, 1975.

L. B. Eckelkamp, Jr., Jenny, Cole & Eckelkamp, Washington, Mo., for plaintiffs.

Albert H. Hamel and Thomas Cummings, Lashly, Caruthers, Thies, Rava & Hamel, Clayton, Mo., and P. J. Schwartz, Bartlesville, Okl., for defendant.

## MEMORANDUM

MEREDITH, Chief Judge.

This cause was submitted to the Court on a stipulation of facts. The plaintiffs are the present owners of land concerned in the suit, and citizens of Franklin County, Missouri. The defendant, Phillips Pipe Line Company, is a Delaware corporation, with its principal place of business in Bartlesville, Oklahoma. This Court has jurisdiction by virtue of diversity of citizenship and the amount in controversy exceeds $10,000.

During the years 1930 and 1931, the plaintiffs' predecessors in title executed various instruments granting easements to the defendant to lay pipe lines over the property owned by each plaintiff and the instruments were substantially the same and provided as follows:

"FOR AND IN CONSIDERATION of the sum of _____ Dollars ($_____), in hand paid, the receipt of which is hereby acknowledged, . . . does hereby grant unto PHILLIPS PIPE LINE COMPANY, . . . Grantee, its successors and assigns, the right to lay, maintain, inspect, alter, repair, operate, remove and relay a pipe line or pipe lines, for the transportation of oil and gas and products and by-products thereof, water and other substances, and such drips, valves, fittings, meters and other equipment and appurtenances as may be necessary or convenient for such operations, and to erect, maintain, inspect, repair, operate and remove, upon a single line of poles, with necessary anchorage and appurtenances, telephone, telegraph or electrical lines, or any of them, over, through, upon, under and across the following described land in Franklin County, State of Missouri,

[land described]

It is expressly agreed that any poles set for above purposes shall be placed along property or fence lines inside the line.

"Together with the rights of ingress and egress to and from said line or lines, or any of them, for the purpose aforesaid. Grantor to have the right to fully use and enjoy the above described premises, except as to the rights hereinbefore granted; and Grantee hereby agrees to pay any damages which may arise to crops, pasturage, timber, fences or buildings of said Grantor from the exercise of the rights herein granted, said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by Grantor, one by Grantee, and the third by the two so appointed, and their written determination of amount to be final and conclusive.

"Should more than one pipe line be laid under this grant, at any time, an additional consideration equal to the consideration hereinabove recited, shall be paid for each line so laid after the first line.

"Grantee shall bury pipe lines below plow depth.

"TO HAVE AND TO HOLD said easement, rights, and rights of way unto the said PHILLIPS PIPE LINE COMPANY, its successors and assigns until said easement be exercised, and so long as any structure installed hereunder is used or remains thereon.

". . .

"This agreement is binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

"Executed this _____ day of _____ 1930."

The consideration recited in the easements entitled "Right of Way Contracts" range from $35.00 to $112.00. During the years 1930 and 1931, the defendant installed upon plaintiffs' properties a pipe line eight inches in diameter and, in addition to the amount stated for the easement, paid the plaintiffs' predecessors in title various amounts in damages caused by the installation of the pipe line.

In 1952, defendant installed an additional pipe line ten inches in diameter through and over the plaintiffs' property and paid to plaintiffs' predecessors in title various sums in damages, plus the amount specified in the contract for the laying of the additional pipe line. In 1973, the defendant installed a third pipe line ten inches in diameter. The pipe line installed in 1952 was eight feet from the first pipe line installed in 1930 on one side of the original pipe line and the pipe line installed in 1973 was twelve feet on the other side of the original pipe line. In 1930, the value of the land in question was approximately $40.00 to $50.00 an acre. In 1972 some of the same lands had increased in value to approximately $500.00 to $2,000.00

per acre, and in some instances subdivisions have been built near or in the immediate vicinity of the pipe lines in question. Also various commercial and industrial areas have been planned in the vicinity of the pipe lines, including a golf course.

The plaintiffs are particularly complaining about the last pipe line which was started in 1972 and finished in 1973. They complain that the contract is vague, that under the contract the Grantee may lay an unlimited number of pipe lines and that in the event the original properties in question are subdivided, it is impossible to ascertain how much each new owner should be paid.

The plaintiffs further contend that the contract violates the rule against perpetuities. Plaintiffs also contend that the contracts are so unconscionable as to constitute fraud. Plaintiffs contend that the contract constitutes an unreasonable restraint on alienation of property. The defendant has offered the plaintiffs various sums of money in settlement of their claims for the 1972–73 pipe line, which the plaintiffs have refused to accept.

Plaintiffs desire a declaration that under the terms of the "Right of Way Contracts", the defendant may not lay any additional pipe line after the 1952 pipe line and that the 1972–73 pipe line is an unauthorized intrusion upon the plaintiffs' land.

This Court is of the opinion that the contracts in question are valid and binding contracts, and that all of the plaintiffs, when they purchased the land in question, were fully aware or should have been fully aware of the easement which had been granted to defendant. The grant of the easement for multiple pipe lines does not constitute any unreasonable restraint on the right of the plaintiffs to enjoy their property or any restraint on alienation of their property.

Plaintiffs cite many cases dealing with preemptions of unlimited duration as being unreasonable restraints on alienation. However, in this case, there is no

**162**

preemption, defendant was granted no right to preempt any alienation of the property by plaintiffs or anybody else. In fact, there is no restriction at all on plaintiffs' right to alienate their lands.

■ Neither is it a violation of the rule against perpetuities. See Restatement, Law Property, Chap. 27, section 399. The rule against perpetuities in Missouri, as set out by the Supreme Court of Missouri in St. Louis Union Trust Co. v. Kelley, 355 Mo. 924, 199 S.W.2d 344, 350 (Mo.1947), deals only with remote vesting of interests, and does not look to the remoteness of any rights to enjoyment or possession. The Court stated:

> " 'The rule against perpetuities is that no interest within its scope is good unless it must vest, if at all, not later than twenty-one years after some life or lives in being at the creation of the interest, to which period is added the period of gestation, if gestation exists.' The rule is concerned with the time within which title must vest, not with a mere postponment of enjoyment or possession."

■ This right-of-way contract vested in the grantee when the contract granting the easement was executed in 1930. It does not violate the rule against perpetuities.

■ The statute of limitations bars setting the easement aside since more than ten years have elapsed since the granting of the easement. See Cook v. Daniels, 306 S.W.2d 573 (Mo.1957); Coleman v. Alderman, 357 Mo. 758, 210 S.W.2d 994 (1948).

The Missouri courts have upheld multiple pipe line easements. See Fulkerson v. Great Lakes Pipe Line Co., 227 Mo. App. 882, 60 S.W.2d 71 (1933), aff'd 335 Mo. 1058, 75 S.W.2d 844 (1934). See also O'Connor v. Great Lakes Pipe Line Co., 2 F.Supp. 721 (W.D.Mo.1932), aff'd 63 F.2d 523 (8th Cir. 1933).

■■ This contract is clear. It determines the amount for the laying of each additional pipe line, plus any dam-

ages that may result in the laying of the additional pipe line. This Court finds nothing unconscionable or ambiguous about the contract. While the contract, itself, provides for arbitration of damages, such a contract is not necessarily binding in the State of Missouri. V.A. M.S. 435.010 and cases. See Gillioz v. State Highway Commission, 348 Mo. 211, 153 S.W.2d 18 (1941); Ewing v. Pugh, 420 S.W.2d 14 (Mo.App.1967).