**John IRWIN, Appellant,**

v.

**Melba Jean BERTELSMEYER, et al., Respondents.**

**No. 51849.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 2, 1987.

Gregory Luzecky, St. Louis, for appellant.

Benson Cytron, House Springs, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant files this appeal from the trial court's dismissal of Counts I and II of his civil suit. We reverse and remand as to both Counts.

This case is a continuation of an earlier dispute which was resolved in appellant's favor. In *Irwin v. Imperial Auto Auction, Inc., et al.*, 710 S.W.2d 451 (Mo.App., E.D.1986), this court upheld a jury verdict awarding appellant $40,672.00 pursuant to the terms of an oral contract of employment against the corporation and individuals, Robert Bertelsmeyer and Earl Morton. The record and prior case history reveal that appellant entered into an oral agreement in July, 1978 with Wayne Morton and Robert Bertelsmeyer to perform construction work and other duties for $300.00 per week. Morton, along with Robert and Melba Jean Bertelsmeyer, had formed a corporation known as Imperial Auto Auction,

Inc. for the purpose of auctioning automobiles.

It appears from appellant's brief that he has not received satisfaction of the earlier judgment. In the present action, appellant sought in Count I to find Melba Jean Bertelsmeyer liable for breach of the same oral contract which was the subject of the earlier suit. She was not a party to the prior litigation. Further, Count II alleged that Imperial Auto Auction, Inc. was in forfeiture and that its business was being conducted by a successor, Suburban Auto Auction, Inc., which is but the alter ego of Robert and Melba Jean Bertelsmeyer and, therefore, the successor corporation is liable for the Bertelsmeyers' debts. Upon oral argument, the trial court sustained respondents' motions to dismiss as to both Counts I and II. Appellant now appeals from the dismissal. Respondent has not filed a reply brief in this court.

■ Initially, the critical issue to determine is whether, as respondents argued in their motion to dismiss, appellant has impermissibly split his cause of action by bringing the breach of employment contract claim against Melba Jean Bertelsmeyer at this time.

> The rule against splitting a single cause of action is one of policy, the prevention of a vexatious multiplicity of suits.... in general, if the actions arose out of the same act, contract or transaction, or, if the parties and subject matter are identical and the evidence necessary to sustain the claims are the same, the actions are single and may not be split or separately tried.

*Stoops v. Stoops*, 256 S.W.2d 799, 801 (Mo. 1953) (citations omitted). Splitting a cause of action is a defendant's tool, which is used to prevent a plaintiff from taking his or her claim against the defendant and splitting it into several different suits. The cases which discuss splitting a cause of action have held, however, that a plaintiff who sues two defendants in separate actions has not split his or her cause of action where one suit alleges, for example, a tort injury, and the other complaint sounds in contract. *See, e.g., Lee v. Guettler*, 391

S.W.2d 311, 313 (Mo.1965); *Jones v. Aetna Casualty & Surety Co.*, 497 S.W.2d 809, 813 (Mo.App., W.D.1973). Furthermore, the rule against splitting a cause of action applies only where the several causes of action are between the same parties. *Lee v. Guettler*, 391 S.W.2d at 313, quoting 1A C.J.S. Actions, § 102. This is reasonable, given the policy considerations behind the rule of avoiding needless multiplicity of suits. *See also, Eugene Alper Const. v. Joe Garavelli's*, 655 S.W.2d 132, 135 (Mo. App., E.D.1983).

■ In the instant case, appellant alleges that Melba Jean Bertelsmeyer's testimony at the trial of the earlier suit included an admission of her personal liability under the employment contract. There is no splitting of a cause of action here. Joint obligors to a contract may be sued separately, since contracts are construed as joint and several. *Elmer v. Copeland*, 141 S.W.2d 160, 163 (Mo.App., E.D.1940).

■ Appellant's petition alleged a breach of the employment contract as of March 23, 1981. The suit was filed on March 18, 1986, which on its face placed it within the applicable five-year statute of limitations for contract actions. § 516.120, RSMo 1986. Dismissal on this ground was erroneous. Furthermore, appellant alleged full performance of the oral contract, in that he "performed all the terms and conditions of said agreement...." Respondents failed to specify or offer any proof of appellant's failure to complete performance of the contract or of any other violation of the Statute of Frauds. For purposes of the motion to dismiss, appellant sufficiently removed the contract from the Statute of Frauds. § 432.010, RSMo 1986; *see Justus v. Webb*, 634 S.W.2d 567, 569 (Mo.App., S.D.1982).

Finally, we address appellant's point that the trial court erred in dismissing Count II of his petition in which he alleged illegality on the part of a successor corporation. Specifically, appellant claims that Suburban Auto Auction, Inc. is but the alter ego of Robert and Melba Jean Bertelsmeyer, being the officers, directors, and shareholders of Suburban Auto Auction, Inc., and

should be held liable for these individuals' debts.

 Where a corporation is used for an improper purpose and to perpetrate injustice by which it avoids its legal obligations, "equity will step in, pierce the corporate veil and grant appropriate relief." *Pasta House Co. v. Miller*, 691 S.W.2d 460, 462 (Mo.App., E.D.1985); *see also Camelot Carpets Ltd. v. Metro Distributing Co.*, 607 S.W.2d 746, 749–50 (Mo.App., E.D. 1980). Respondents' motions for dismissal do not offer any facts in support of dismissing Count II; similarly, the trial court's order contains no grounds asserted for dismissal. We may affirm the trial court's order if any grounds asserted for dismissal are valid. *Griffith v. Hammer*, 595 S.W.2d 292, 294 (Mo.App., E.D.1979). In view of the record, we can only assume the court found no merit in appellant's contention. We disagree. The alter ego theory which forms the basis for Count II is a separate and distinct cause of action, appellant alleges that Robert and Melba Jean Bertelsmeyer are the officers, directors and shareholders of the successor corporation, Suburban Auto Auction, Inc., and that through their dominion and control over this corporation they are using it for the unlawful, unfair or unequitable purpose of avoiding their judgment debt to appellant. It was error to dismiss Count II.

We reverse and remand the order of the court dismissing Counts I and II of appellant's petition.

SIMON and STEPHAN, JJ., concur.