Lisa DOWNEY, Appellant,

v.

Thomas J. MITCHELL, M.D., and Missouri Baptist Hospital–Sullivan, Respondents.

No. 61058.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 4, 1992.

James J. Knappenberger, Samuel W. Panos, St. Louis, for appellant.

Edward V. Crites, St. Louis, John B. Loveless, St. Clair, Kenneth Brostron, Wendy Wolf, St. Louis, for respondents.

CARL R. GAERTNER, Judge.

Plaintiff, Lisa Downey, appeals from the trial court's order dismissing her medical malpractice action against Dr. Thomas J. Mitchell and Missouri Baptist Hospital of Sullivan.

Plaintiff filed a petition alleging medical malpractice by defendants for their unauthorized performance of a tubal ligation during her cesarean section delivery. The trial court dismissed the petition for failure to state a claim and failure to file medical opinion affidavits as required by § 538.225 RSMo 1986. However, the court granted plaintiff thirty days to amend her petition and file the affidavits.

Within the thirty days, plaintiff filed an amended petition but failed to file the affidavits. Defendants again moved to dismiss, and plaintiff moved for an extension of time to file the affidavits. The court rejected plaintiff's motion; four days later, she filed an affidavit.

Thereafter, the trial court sustained defendants' motions to dismiss. The court dismissed defendant Missouri Baptist with prejudice for plaintiff's failure to state a claim upon which relief can be granted. The court dismissed Dr. Mitchell without prejudice for plaintiff's failure to comply with § 538.225.2. The court denied plaintiff's motion for rehearing and for leave to amend her first amended petition and to amend the affidavits.

On appeal, plaintiff asserts the trial court erroneously granted defendants' motions to dismiss and denied her motion for leave to amend her petition and affidavits.

Since the dismissal of plaintiff's petition against Dr. Mitchell was without prejudice and plaintiff has chosen to refile a second suit against him, there is no final judgment of plaintiff's claim against Dr. Mitchell. Accordingly, we are without jurisdiction and plaintiff's appeal as to Dr. Mitchell is dismissed. *Mahoney v. Doerhoff Surgical Services, Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991).

Turning to the dismissal with prejudice as to defendant Missouri Baptist, we look to the allegations of plaintiff's first amended petition, assuming every fact alleged in the petition to be true and giving the plaintiff the benefit of every favorable inference which may be reasonably drawn from the facts pleaded. *Magee v. Blue Ridge Professional Building, Co., Inc.,* 821 S.W.2d 839, 842 (Mo. banc 1991).

In her first amended petition, plaintiff alleges Missouri Baptist is vicariously liable for the negligence of its agents, servants and employees who assisted Dr. Mitchell. Plaintiff claims these agents, servants, and employees—three registered nurses and one anesthetist—failed to monitor and review her records, which showed she did not consent to the performance of a tubal ligation, and "stood by and watched" instead of intervening after Dr. Mitchell began the surgical procedure.

> "A petition seeking damages for actionable negligence must allege ultimate facts, which, if proven, show (1) existence of a duty on the part of the defendant to protect plaintiff from injury, (2) failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure.... If the allegations in plaintiffs' petition, taken as true, do not satisfy the elements of actionable negligence, the trial court should dismiss the petition for failure to state a claim."

*Nappier v. Kincade,* 666 S.W.2d 858, 860 (Mo.App.1984).

The allegations in plaintiff's first amended petition failed to allege facts showing the existence of a duty on the part of the

nurses and the anesthetist to intervene in Dr. Mitchell's performance of surgery upon plaintiff. The substance of plaintiff's allegation is that the records of the hospital reflect plaintiff's consent only to "child birth through Cesarean Section," but that the hospital's employees assisting in the surgery failed to review these records, to discover the absence of consent to tubal ligation, failed to "intervene during the course of Dr. Mitchell's surgical procedures." The hospital and its employees are not required to interfere with the physician-patient relationship. *Ackerman v. Lerwick*, 676 S.W.2d 318, 321 (Mo.App. 1984). A hospital which has no control or right of control over a non-employee physician who performs surgery in the hospital incurs no vicarious liability because of the negligence of such physician. *Brickner v. Normandy Osteopathic Hospital, Inc.*, 746 S.W.2d 108, 115 (Mo.App.1988).

■ Plaintiff's reliance on *Goff v. St. Luke's Hospital of Kansas City*, 753 S.W.2d 557 (Mo. banc 1988), is misplaced. In *Goff*, a hospital was found liable for the failure of its nurse employees to monitor records showing a persistent decline in a post-operative patient's hemocrit level over several days in violation of the hospital's procedural manual. Nothing in *Goff* imposes a duty upon nurses to review the records of a patient's consent to surgery and to intervene during the course of the surgery if the surgeon begins to exceed the bounds of such consent. It is not the function, much less the duty, of a nurse to exercise supervisory control over a surgeon's performance of a surgical procedure. Because plaintiff's first amended petition failed to allege facts showing a duty on the part of the hospital employees, the trial court did not err in dismissing the petition.

■ Plaintiff also contends the trial court erred in denying leave to file a second amended petition in which she alleged that in the performance of the surgery Dr. Mitchell was acting as the agent of the hospital.

■ The nature of our pleading rules is to liberally permit amendments when justice so requires. Rule 55.33(a). However, a party does not have an absolute right to amend his petition. *Baker v. City of Kansas City*, 671 S.W.2d 325, 329 (Mo. App.1984). The trial court has broad discretion in granting or denying leave to amend, and its decision will not be overturned absent a clear and palpable abuse of this discretion. *Osborn v. Boatmen's National Bank*, 811 S.W.2d 431, 437 (Mo.App. 1991).

The purpose of the liberal amendment rule is to permit matters to be presented which were overlooked or unknown when the action was originally filed. *Geringer v. Union Electric Co.*, 731 S.W.2d 859, 864 (Mo.App.1987). After plaintiff's first amended petition was dismissed, she was granted leave to file a second petition. Only after the dismissal of her second pleading for failure to state a cause of action against Missouri Baptist, did she seek leave to file a third amended petition. She has not contended in the trial court nor before this court that the allegation of agency so belatedly asserted was unknown or overlooked in her first two pleadings. She does not allege any facts tending to support the legal conclusion of an agency relationship between the doctor and the hospital. Under the circumstances, we cannot find the trial court guilty of an abuse of discretion.

Plaintiff's appeal from the dismissal without prejudice of her petition against Dr. Mitchell is dismissed. The order of dismissal with prejudice as to defendant Missouri Baptist Hospital of Sullivan, is affirmed.

GRIMM, P.J., and CRANDALL, J., concur.