Muneer **SAIDAWI**, Plaintiff–Appellant,

v.

**GIOVANNI'S LITTLE PLACE, INC.,** Defendant–Respondent.

No. 73861.

Missouri Court of Appeals, Eastern District, Division Three.

March 9, 1999.

---

John J. Allan, Clayton, for appellant.

Frank Susman, Clayton, for respondent.

LAWRENCE E. MOONEY, Judge.

Muneer Saidawi ("Plaintiff") appeals from the trial court's dismissal of his petition with prejudice. We affirm in part and reverse in part.

## FACTS

On December 6, 1988, Plaintiff was injured in the course of his employment at Giovanni's Little Place, Inc., a Missouri corporation owned by the Gabriele family ("Defendant Restaurant"). Consequently, Plaintiff filed a Claim for Compensation with the Division of Workers' Compensation against Defendant Restaurant. Defendant Restaurant, which had no Workers' Compensation insurance, contested the claim.

On July 16, 1991, John Gabriele, president and a stockholder of Defendant Restaurant, made a loan of $10,000.00 to Defendant Restaurant secured by the assets of Defendant Restaurant. A Security Agreement memorializing Gabriele's security interest in Defendant Restaurant's assets was properly recorded on July 22, 1991. On August 19, 1992, Mr. Gabriele foreclosed on the Security Agreement. That same day, Defendant Restaurant transferred its assets to Mr. Gabriele, who then transferred them to Manwin Restaurant, Inc. ("Manwin"), which had been incorporated on June 19, 1992. Manwin subsequently took over operations of the business, filing a Registration of Fictitious Name listing itself as sole owner of Giovanni's Little Place. Plaintiff alleges that members of the Gabriele family also own and control Manwin.

Plaintiff's Workers' Compensation Claim was heard on June 16, 1993. The Administrative Law Judge awarded Plaintiff permanent partial disability and approximately $129,000.00 in medical expenses. Defendant Restaurant appealed the award to the Labor and Industrial Relations Commission ("the Commission"). On March 17, 1994, the Commission affirmed Plaintiff's award. Defendant Restaurant appealed the Commission's affirmance of the award to the Missouri Court of Appeals, but voluntarily dismissed its appeal on July 18, 1994. On August 4, 1994, Plaintiff's Workers' Compensation award was entered as a judgment.

On August 8, 1994, Plaintiff filed a lawsuit attempting to hold various officers, directors and stockholders of Defendant Restaurant personally liable for the Judgment. The trial court, on September 15, 1994, dismissed the petition for failure to state a cause of action, and granted Plaintiff thirty days in which to file an amended petition. Plaintiff did so on October 14, 1994, but the amended petition was also dismissed for failure to state a cause of action. The trial court refused to grant plaintiff leave to amend his amended Petition.

Subsequently, Plaintiff filed a motion to reopen the Workers' Compensation proceeding to add additional defendants. The Commission denied the motion.

On December 22, 1994, Plaintiff attempted to execute his Judgment, but the Judgment was returned unsatisfied due to the fact that all of Defendant Restaurant's assets had been transferred to Manwin pursuant to the foreclosure of the Security Agreement. To date, Plaintiff has been unable to collect on his workers' compensation judgment.

On June 18, 1997, Plaintiff filed a lawsuit in St. Louis City against Defendant Restaurant, Carmello Gabriele, Frank P. Gabriele, Serafina Gabriele, John Gabriele, Manwin, and Giovanni's Restaurant, Inc. (These individuals and corporations are collectively referred to as "the Defendants" throughout this opinion.) Plaintiff's petition asserted four counts. In Count I, Plaintiff sought to pierce the corporate veil of Defendant Restaurant and have the judgment previously entered against Defendant Restaurant also entered against John Gabriele. In Count II, he sought to pierce the corporate veil and have the defendant individual shareholders held jointly liable for the previously entered judgment. In Count III, he sought damages against all defendants for fraudulent transfer of the assets of Defendant Restaurant to Manwin. In Count IV, Plaintiff sought alternatively to Counts I, II and III to recover

damages for prima facie tort if he was unsuccessful in proving any illegality.

Pursuant to a motion, venue was transferred to St. Louis County on September 15, 1997. Giovanni's Restaurant, Inc. was dismissed from the lawsuit at this time. On December 11, 1997, the trial court dismissed Counts I, II, and IV of Plaintiff's Petition with prejudice. The trial court did not state the grounds on which it was dismissing these counts. One week later, the trial court dismissed the remaining Count, Count III, as barred by the four-year period of limitations under Section 428.049 RSMo. (1994).

Plaintiff timely filed this appeal, arguing that the trial court erred in dismissing Counts I, II and IV of his Petition; that the trial court erred in dismissing Count III as time-barred under Section 428.049; and finally that the trial court abused its discretion in dismissing his Petition with prejudice.

### ANALYSIS

Defendants raise several procedural arguments that must be addressed at the outset.

■ First, Defendants argue that Plaintiff's brief is defective under Rule 84.04 in that the Points Relied On are deficient. We have the discretion under Rule 84.08 to dismiss appeals in civil cases for failure to comply with Rule 84.04. However, we will not exercise our discretion even where the brief is technically deficient in the respects charged unless the deficiency impedes disposition on the merits. *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997). We decline to dismiss this appeal. Although Plaintiff's brief is hardly a model of clarity, we can ascertain Plaintiff's arguments without difficulty.

■ Defendants also argue that because Plaintiff failed to present these arguments to the trial court, none of the allegations of error contained in Plaintiff's brief have been preserved for review. We disagree. On a motion to dismiss for failure to state a claim, defendant bears the burden of establishing that the elements pled by plaintiff fail to state a cause of action. *Nisbet v. Bucher,* 949 S.W.2d 111, 113 (Mo.App. E.D.1997). Plaintiff has no duty to respond to defendant's motion to dismiss. *Id.* Appellate review of a trial court's grant of a motion to dismiss:

> ...is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. (Citation omitted.) No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993). With that standard of review in mind, we now turn to Plaintiff's points on appeal.

■ In Points I and III, Plaintiff contends that the trial court erred in dismissing Counts I, II and IV of his Petition for failure to state a claim, and further that the trial court abused its discretion in dismissing these Counts with prejudice. The trial court ordered dismissal of these Counts without stating the grounds upon which the dismissal was granted. Because the trial court stated no grounds, we presume the dismissal was based upon the grounds raised in defendant's motion to dismiss and will affirm if any such grounds can sustain the trial court's dismissal. *Wenthe v. Willis Corroon Corp.,* 932 S.W.2d 791, 793, 794 (Mo.App. E.D.1996).

■ In their motion to dismiss, Defendants, citing no law, contend that Counts I and II fail to state a cause of action inasmuch as "piercing the corporate veil" and "disregard of the corporate entity," are not independent causes of action under Missouri law. We disagree.

■ In Counts I and II, Plaintiff sought to pierce the corporate veil and have his judgment against Defendant Restaurant entered against Defendants on the grounds that Defendant Restaurant was the alter ego of John Gabriele and the restaurant shareholders. The alter ego theory is a separate and distinct cause of action under Missouri law. *Irwin v. Bertelsmeyer,* 730 S.W.2d 302, 304 (Mo.App. E.D.1987). "Under the alter

ego rule, when a corporation is so dominated by a person as to be a mere instrument of that person and is indistinct from the person controlling it, then the court will disregard the corporate form if to retain it would result in injustice." *Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp.*, 885 S.W.2d 771, 773 (Mo.App. E.D.1994). "To pierce the corporate veil, a plaintiff must meet a two-part test: first, the corporation must be controlled and influenced by persons or another corporation; second, evidence must establish that the corporate cloak was used as a subterfuge to defeat public convenience, to justify a wrong, or to perpetrate a fraud." *Id.* at 773, 774.

In *Irwin*, this court reversed the trial court's dismissal of an action seeking to pierce the corporate veil. Plaintiff alleged in his petition that the defendants were the corporation's sole shareholders, officers and directors. He further alleged that through their dominion and control over the corporation, the defendants used the corporation to avoid their judgment debt to the plaintiff. We found those allegations sufficient to sustain a cause of action against the defendants on the alter ego theory. 730 S.W.2d at 304. We applied *Irwin* under similar circumstances in *Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp., supra,* (reversing the dismissal of a count alleging a cause of action for piercing the corporate veil on an alter ego theory).

In Count I, Plaintiff alleged that John Gabriele was the majority stockholder as well as the treasurer and director of Defendant Restaurant; that he treated it as his personal business without regard for the corporate form; that he made all decisions as to the day-to-day operations of Defendant Restaurant; that he advanced money personally to Defendant Restaurant and totally dominated and controlled it to the extent that he became the alter ego of the corporation; that John Gabriele failed to adequately capitalize the corporation; and that he used the corporate cloak of protection as a subterfuge for the perpetration of fraud on Plaintiff. In Count II, Plaintiff made similar allegations with respect to the members of the Gabriele family who collectively constituted the other

shareholders, directors and officers of Defendant Restaurant. We find Counts I and II of Plaintiff's Petition allege sufficient facts to state a cause of action for piercing the corporate veil on an alter ego theory under the standards set forth in *Irwin* and *Edward D. Gevers*. Thus, we hold that the trial court erred in dismissing Counts I and II of Plaintiff's Petition with prejudice.

■ Turning to Count IV, Plaintiff argues that he sufficiently pled a cause of action sounding in prima facie tort. In Count IV, Plaintiff incorporated by reference the allegations of Counts I, II and III and then stated, "in the event the actions of the defendants are considered to be legal acts, these acts were done with the intent of injuring the Plaintiff by depriving him of his rights to compensation, they were done without just cause or excuse and they constitute a prima facie tort." The elements of prima facie tort are: (1) an intentional lawful act by defendant; (2) an intent to cause injury to plaintiff; (3) injury to the plaintiff; and (4) an absence of any justification or an insufficient justification for the defendant's act. *Nazeri*, 860 S.W.2d at 315.

■ Plaintiff has failed to plead facts establishing the above elements. The cause of action of prima facie tort requires the pleading of facts, which if true, will establish an intentional lawful act on the part of defendant. *Id.* Here, Plaintiff stated facts tending to prove that Defendants committed an unlawful act: a conveyance of personal property in fraud of his rights as a creditor. Plaintiff cannot plead facts constituting an unlawful act, and then merely assert in a conclusory fashion that if such acts are considered legal, a claim for prima facie tort is stated. *Bradley v. Ray*, 904 S.W.2d 302, 315 (Mo.App. W.D.1995).

■ Further, the decision to dismiss a petition with or without prejudice rests within the sound discretion of the trial court. *Downey v. Mitchell*, 835 S.W.2d 554, 556 (Mo.App. E.D.1992). There is no absolute right to amend a petition. *Id.* Thus, the judgment dismissing Count IV with prejudice is affirmed.

■ In his final point of error, Plaintiff contends that the trial court erred in dismissing Count III of his Petition as time-barred by Section 428.049 RSMo. (1994), because that section is inapplicable in this case. We agree.

In Count III, Plaintiff asserts a cause of action for fraudulent conveyance based upon foreclosure of the security agreement and subsequent transfers of Defendant Restaurant's assets first to John Gabriele and then to Manwin, Inc, all of which occurred on August 19, 1992. The trial court held that Section 428.049, a four-year period of limitations specifically applicable to causes of action for fraudulent conveyance, barred the cause of action stated in Count III of Plaintiff's Petition. However, Section 428.049 has an effective date of August 28, 1992, and has no retroactive application. *Behr v. Bird Way, Inc.*, 923 S.W.2d 470 (Mo.App. S.D. 1996); *In Re Heaper*, 214 B.R. 576 (Bankr.8 th Cir.1997) (applying Missouri law). Thus, Section 428.049 is inapplicable in this case as the alleged fraudulent transfers occurred on August 19, 1992, prior to the effective date of Section 428.049.

■ Prior to the enactment of Section 428.049, the applicable statute of limitations for a cause of action alleging a fraudulent conveyance was Section 516.120(5), the general statute of limitations for actions sounding in fraud. *Lewis v. Barnett*, 694 S.W.2d 743, 746 (Mo.App. E.D.1985); *In re Robbins*, 91 B.R. 879, 883 (Bankr.8 th Cir.1988). Section 516.120(5) provides:

An action for relief on the ground of fraud must be brought within five years, the cause of action in such case to be deemed not to have accrued until discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

Defendants argue that Count III of Plaintiff's Petition is barred even under the five-year period of limitations set forth in Section 516.120(5). Defendants make this argument based on their belief that Section 516.120(5) is to be read in conjunction with Section 516.100. Section 516.100 states:

Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided that **for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damages resulting therefrom is sustained and is capable of ascertainment...** (Emphasis added.)

Defendants assert that under the test set forth in Section 516.100, the damages resulting from this cause of action were capable of ascertainment when the security agreement was filed with the Recorder of Deeds. Defendants cite to *Klemme v. Best*, 941 S.W.2d 493 (Mo. banc 1997) in support of the proposition that Section 516.100 is to be read in conjunction with Section 516.120(5). However, we note that the statute of limitations at issue in *Klemme* was Section 516.120(4), not Section 516.120(5). Unlike Section 516.120(5), Section 516.120(4) does not contain explicit language indicating when a cause of action under that section accrues.

■ Rather than reading the two sections in conjunction, Section 516.120(5) is an exception to the definition of when a cause of action accrues contained in Section 516.100. *Schwartz v. Lawson*, 797 S.W.2d 828, 832 (Mo.App. W.D.1990). Section 516.120(5) states that in cases of fraud, a cause of action is deemed to have accrued when plaintiff discovers or in the exercise of due diligence should have discovered the fraud, not when the damage is sustained or capable of ascertainment. *Gilmore v. Chicago Title Ins. Co.*, 926 S.W.2d 695, 698 (Mo.App. E.D.1996).

Defendants argue that Plaintiff could have discovered the fraud in the exercise of due diligence if he had searched the UCC financing statements at the Recorder of Deeds Office for a security interest encumbering the assets of Defendant Restaurant. Because the public recording of a financing statement constitutes constructive notice to the general public of the matters contained therein, Defendants contend that Plaintiff had constructive notice of the fraud in July 1991, when the security agreement was publicly recorded.

First, the purpose of the recording laws in general is to establish a priority between innocent claimants to the same property, not to give security to the perpetrators of fraud as against their victims. W.W. Allen, Annotation, *Public Records As Notice Of Facts Starting Running Of Statute Of Limitations Against Action Based On Fraud*, 137 A.L.R. 268, 276 (1942).

Further, although the filing of the security agreement may have put Plaintiff on notice of Gabriele's security interest in the assets of Defendant Restaurant, the fraudulent act complained of here was not the perfection of a security interest, but was rather the foreclosure of the security agreement and subsequent transfer of the assets of Defendant Restaurant resulting in its insolvency. Plaintiff would have no way to determine if or when foreclosure would occur from the mere filing of a security agreement. Thus, Plaintiff's cause of action did not accrue at the filing of the security agreement, because that act did not put him on notice of the fraudulent acts complained of: the foreclosure of the security agreement and subsequent transfers of Defendant Restaurant's assets.

Defendants cite to a number of cases as standing for the proposition that the public recordation of instruments charges plaintiff with constructive knowledge of the fraud so as to commence the running of the statute of limitations. *See Hudson v. Cahoon*, 193 Mo. 547, 91 S.W. 72 (1906); *Briece v. Bosso*, 158 S.W.2d 463 (Mo.App.1942); *Gibson v. Ransdell*, 188 S.W.2d 35 (Mo.1945); *Coleman v. Alderman*, 357 Mo. 758, 210 S.W.2d 994 (1948). However, these cases are inapposite to the case at bar as they deal with the recordation of deeds to real property, and obviously recording a deed evidences a transfer of property. In contrast, the transfer of Defendants' assets did not occur until the security agreement was foreclosed.

Thus, using the date that Plaintiff discovered the fraudulent acts complained of, the foreclosure of the security agreement and subsequent transfer of Defendant Restaurant's assets to John Gabriele and Manwin, the five-year period of limitations of Section 516.120(5) does not bar Plaintiff's cause of action for fraudulent conveyance. Plaintiff discovered the fraud in December 1994, when the sheriff returned Plaintiff's judgment unsatisfied because the assets of Giovanni's Little Place had been transferred to John Gabriele and ultimately to Manwin. Because Plaintiff filed his lawsuit on June 18, 1997, his claim was clearly filed well within the five-year period. Therefore, the trial court erred in dismissing Count III as time-barred by the statute of limitations.

Thus, the judgment of the trial court dismissing Counts I, II and III of Plaintiff's Petition is reversed, and the cause remanded to the trial court to allow Plaintiff to proceed on these Counts. The judgment is otherwise affirmed.

SIMON, C.J., and CRANE, J., concur.