**Bill HERRON, Appellant,**

v.

**Donald WYRICK, Respondent.**

**No. WD 35893.**

Missouri Court of Appeals,
Western District.

Feb. 13, 1985.

Bill Herron, pro se.

John Ashcroft, Atty. Gen., and Kelly Mescher, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

PER CURIAM.

Plaintiff appeals from a judgment dismissing his petition for failure to state a cause of action. Judgment reversed.

Bill Herron, a prisoner at the Missouri State Penitentiary, filed suit on December 15, 1982 against Donald Wyrick, warden of the penitentiary, requesting return of several hobby tools allegedly "confiscated" by Wyrick. Herron alleged that he had been permitted by prison authorities to purchase an electric drill, a file set, a contoured sander, a polisher, and two saw sets. These tools were stored in the prison's hobby craft room. Herron alleged that, in the latter part of June 1981, prison officials confiscated the tools in retribution for Herron's cooperation with representatives of the American Civil Liberties Union who

were investigating conditions at the penitentiary.

Wyrick moved to dismiss the petition for failure to state a cause of action. Rather than presenting legal reasons for dismissing Herron's petition, the motion alleged alternative facts—that the tools were seized as evidence in an attempted escape. Although the motion did not specify when the attempted escape occurred, Wyrick's answers to discovery requests only mention an escape attempt on or about July 25, 1981—approximately one month after Herron alleged the tools were seized.

In his first point on appeal, Herron argues that the Court erred in dismissing his petition. Herron argues that his petition alleged a valid cause of action.

■ Considering liberal rules of construction used to review *pro se* petitions, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971), and our scope of review of petitions dismissed for failure to state a cause of action, *Porter v. Crawford & Co.*, 611 S.W.2d 265, 266 (Mo.App.1980), we find Herron's petition alleges a cause of action in replevin against Wyrick. *M.F.A. Cooperative Association v. Murray*, 365 S.W.2d 279, 285 (Mo.App.1963).

■ In addition, Herron seeks punitive damages in a separate count in the petition. Punitive damages are recoverable in replevin where legal malice is proven. *Hallmark v. Stillings*, 648 S.W.2d 230, 236–37 (Mo.App.1983). Herron alleged that Wyrick, or his subordinates, without legal justification (indeed for the improper motive of retaliation for cooperation with representatives of the ACLU), willfully exerted control over Herron's personal property in a manner inconsistent with Herron's right to the property, and has refused to return the property on demand.

■ Wyrick's motion to dismiss does not attempt to show that the petition is legally deficient. Rather, Wyrick states an alternative version of the facts. He alleges that the tools were seized as evidence in an escape attempt and to safeguard Herron from suicide attempts. If Wyrick were to demonstrate these facts at a trial, or upon motion for summary judgment, they might well amount to a valid defense. However, their mere assertion in a motion to dismiss cannot defeat a petition which, on its face, states a cause of action. In ruling on a motion to dismiss, the allegations of the petition must be taken as true. *Bunting v. McDonnell Aircraft Corp.*, 522 S.W.2d 161, 166 (Mo. banc 1975).

■ Although not presented to the trial court, Wyrick argues in his brief to this court that he is authorized to retain Herron's property until his release, citing Section 217.200, RSMo Supp.1982.[1] That statute authorizes the chief administrative officer of a penal institution to hold and safeguard a prisoner's property until his release. However, the statute also makes mandatory the return of property to a prisoner when he "demands them for purposes consistent with law and regulations." The statute thus recognizes a prisoner's entitlement to his own property "for purposes consistent with law and regulations". Herron has alleged that he was authorized by prison officials to store his tools in the

---

1. The statute cited in respondent's brief was enacted in 1982, 1982 Mo.Laws p. 448 § 40 (codified at § 217.200, RSMo Supp.1982) and became effective August 13, 1982.

It reads as follows:

1. The chief administrative officer of each institution, or his designee, shall take charge of all money and other articles of value which may be brought to an institution by any inmate or come into his possession in a manner consistent with law or with regulations of the division or institution.

2. Such money or articles shall be returned to the inmate legally entitled to them when he is discharged or demands them for purposes consistent with law and regulations, except for any money confiscated as contraband pursuant to section 217.365.

3. The chief administrative officer shall keep records of receipts and disbursements for such money and articles.

This statute, and not its predecessor, § 216.310 (repealed 1982 Mo.Laws p. 438 § A), applies, since the determinative issue in replevin is plaintiff's right to possession at the time he files suit, in this case, December 15, 1982. *Auffenberg v. Hafley*, 457 S.W.2d 929, 935 (Mo.App. 1970).

**58**

hobby craft room and to use them during recreational periods. Therefore, the statute provides no absolute bar to Herron's claim. Instead, this is another factual dispute (whether Herron's limited use of the tools was authorized) which must be resolved by evidence.

Our resolution at the first point makes it unnecessary to consider Herron's other points on appeal. The judgment is reversed, and the case is remanded for further proceedings.