**Frank HOWARD, Appellant,**

v.

**Cecil J. PETTUS, et al., Respondents.**

**No. WD 39879.**

Missouri Court of Appeals,
Western District.

Feb. 23, 1988.

Frank Howard, pro se.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondents.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Frank Howard, an inmate at the Missouri State Penitentiary, sued prison officials claiming an identification card and four coupon books redeemable for commissary items to the value of $20.00 had been taken from him, the latter without subsequent credit to his account. Howard asserted that the seizure of his personal property violated his constitutional rights secured by the Fourth and Fourteenth Amendments. He sought a declaratory judgment, an injunction and money damages.

The defendants filed no answer in the circuit court and they have filed no brief here. Sua sponte, the trial court dismissed Howard's petition for failure to state a cause of action. This *pro se* appeal followed. Howard claims that when accorded a liberal construction, his petition stated a cause of action.

■ The petition of a *pro se* litigant is subject to summary dismissal if it is patently and irreparably frivolous or malicious on its face so that, as pleaded, the plaintiff could prove no set of facts entitling him to relief. *State ex rel. Coats v. Lewis,* 689 S.W.2d 800, 806 (Mo.App.1985). However, in determining whether a *pro se* petition states a cause of action, the petition must be viewed favorably to the pleader, given the benefit of every reasonable intendment, and indulged with liberality. *Tyler v. Harper,* 670 S.W.2d 14, 16 (Mo.App.), *cert. denied,* 469 U.S. 983, 105 S.Ct. 390, 83 L.Ed.2d 324 (1984).

■ To state a constitutional claim, the petition must set forth facts showing a deprivation of a right secured by the United States Constitution. *See Bishop v. Circuit Court of Cole County,* 702 S.W.2d 554, 556 (Mo.App.1985). In this case, Howard's claim of confiscation of personal property fails to measure up to constitutional dimensions. Lawful incarceration necessarily operates to deprive a prisoner of certain rights and privileges he would otherwise enjoy in a free society. *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). Prison administrators must be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and maintain security, and are given broad administrative and discretionary authority over the institutions they manage. *State ex rel. Division of Adult Institutions v. Brackman,* 737 S.W.2d 516, 519 (Mo.App. 1987). Under § 217.200, RSMo 1986, prison officials have the authority to take charge of all money and articles of value coming into a prisoner's possession. When considered within the context of the prison environment, Howard's deprivation of his identification card and money books is too insubstantial to support his claims of Fourth and Fourteenth Amendments violations. In *Hudson v. Palmer,* 468 U.S. 517, 536, 104 S.Ct. 3194, 3205, 82 L.Ed.2d 393 (1984), the United States Supreme Court held that the Fourth Amendment has no applicability to the prison cell, and found that even an intentional, unauthorized deprivation of a prisoner's personal property by a state employee did not violate the Fourteenth Amendment where the state provided an adequate postdeprivation remedy.

■ The problem in this case, taking the alleged facts to be true, is that Howard states a claim with respect to the coupon books, at least to the value of the commissary script. Howard pleads compensable damages of $20.00. Section 217.200, RSMo 1986, recognizes a prisoner's entitlement to his confiscated personal property when he demands its return for purposes consistent with law and prison regulations. *Herron*

*v. Wyrick,* 686 S.W.2d 56, 57 (Mo.App. 1985).

In the absence of any showing by the respondents otherwise, no good cause appears why Howard's account should not be credited with the $20.00 value of the coupons. To this extent, the dismissal of the petition was in error.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.