**EDWARD D. GEVERS HEATING & AIR CONDITIONING COMPANY, Appellant,**

v.

**R. WEBBE CORPORATION, Raymond G. Webbe, and Joyce E. Webbe, Respondents.**

No. 65924.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 18, 1994.

David M. Heimos, Clayton, for appellant.

Kenneth V. Byrne, St. Louis, for respondents.

GARY M. GAERTNER, Judge.

Appellant, Edward D. Gevers Heating & Air Conditioning Company, appeals from the St. Louis County Circuit Court's dismissal of both counts of appellant's First Amended Petition against respondents R. Webbe Corporation, Raymond G. Webbe and Joyce E. Webbe for failure to state a claim upon which relief can be granted. We reverse.

On March 17, 1993, and May 24, 1993, appellant obtained two default judgments against Webbe Corporation. Appellant attempted, without success, to execute on property owned by Webbe Corporation to satisfy the two judgments. Appellant then filed a petition in St. Louis County Circuit Court, asking that the judgments previously entered against Webbe Corporation be entered against Raymond and Joyce Webbe, the sole officers, directors and shareholders of Webbe Corporation. Appellant also sought damages for fraud.

In response, respondents moved to dismiss the petition for failure to state a cause of action. The circuit court sustained the motion as a motion for a more definite statement, granting appellant thirty days to amend its petition.

Appellant filed its First Amended Petition February 8, 1994. The amended petition consisted of two counts. In Count I, appellant sought to pierce the corporate veil of Webbe Corporation and have the judgments previously entered against Webbe Corporation also entered against respondents Raymond and Joyce Webbe, alleging Webbe Corporation was the "alter ego" of Raymond and Joyce Webbe. In Count II, appellant asked that actual and punitive damages be assessed against all the respondents, jointly and severally, for fraud.

On March 15, 1994, respondents filed a motion to dismiss the amended petition for failure to state a cause of action. The circuit court, in a handwritten order, ruled, "Defendant's Motion to Dismiss Plaintiff's First Amended Petition, Counts I and II, called, heard and sustained. Cause of action dismissed as to all defendants at plaintiff's costs." This appeal followed.

For its point on appeal, appellant claims the circuit court erred in dismissing its First Amended Petition, arguing the petition stated a cause of action on both counts.[1]

■ This Court's scope of review for motions to dismiss "requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true, construing allegations favorably to

plaintiff, and determining whether the petition invokes principles of substantive law." *Terre Du Lac Ass'n v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 211 (Mo.App.E.D.1987) (citation omitted). A court may not dismiss a petition for failure to state a claim unless it appears plaintiff can prove no set of facts in support of his claim entitling him to relief. *Id.* However, a motion to dismiss for failure to state a cause of action is well taken where facts essential to recovery are not pleaded. *Berkowski v. St. Louis County,* 854 S.W.2d 819, 823 (Mo.App.E.D.1993). The petition must contain allegations of fact in support of each essential element of the cause pleaded. *Id.* If the petition offers only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted. *Id.*

■ In Count I of its First Amended Petition, appellant sought to pierce the corporate veil of Webbe Corporation, on the theory Webbe Corporation was the alter ego of respondents Raymond and Joyce Webbe. Under the alter ego rule, when a corporation is so dominated by a person as to be a mere instrument of that person and is indistinct from the person controlling it, then the court will disregard the corporate form if to retain it would result in injustice. *Krajcovic v. Krajcovic,* 693 S.W.2d 884, 887 (Mo.App.E.D. 1985). A court may, pursuant to its equitable powers, "disregard the separate legal entity of the corporation and the individual where the separateness is used as a subterfuge to defraud a creditor." *Schlingman v. Reed,* 750 S.W.2d 501, 504 (Mo.App.W.D. 1988) (citations omitted). One badge of fraud is the transfer by the debtor corporation of its property to a second corporation when both are controlled by the same person. *Standard Leasing Corp. v. Missouri Rock Co.,* 693 S.W.2d 232, 236 (Mo.App.W.D. 1985).

■ To pierce the corporate veil, a plaintiff must meet a two-part test: first, the corporation must be controlled and influenced by persons or another corporation; second, evidence must establish that the cor-

---

1. Respondents did not file a brief.

porate cloak was used as a subterfuge to defeat public convenience, to justify a wrong, or to perpetrate a fraud. *Terre Du Lac,* 737 S.W.2d at 218. Implicit in this test for piercing the corporate veil is the requirement that the wrong done be the proximate cause of injury to third persons who dealt with the corporation. *Dave Kolb Grading, Inc. v. Lieberman Corp.,* 837 S.W.2d 924, 937 (Mo. App.E.D.1992); *Collet v. American Nat. Stores, Inc.,* 708 S.W.2d 273, 284 (Mo.App. E.D.1986).

In *Irwin v. Bertelsmeyer,* 730 S.W.2d 302, 304 (Mo.App.E.D.1987) we reversed the trial court's dismissal of an action seeking to pierce the corporate veil. In his petition, the plaintiff alleged that the defendants, a married couple, were the corporation's sole shareholders, officers and directors; the plaintiff further alleged that through their dominion and control over the corporation the defendants used the corporation to avoid their judgment debt to the plaintiff. *Irwin,* 730 S.W.2d at 304. This Court found those allegations sufficient to sustain a cause of action against the defendants on the alter ego theory.

■ In the immediate case, appellant alleged, inter alia, the following in Count I of its First Amended Petition: Appellant obtained two default judgments for unpaid labor performed and materials provided pursuant to two contracts between appellant and Webbe Corporation. To date, appellant has been unable to execute on property owned by Webbe Corporation to satisfy the judgments. The sole officers, directors and shareholders of Webbe Corporation were Raymond and Joyce Webbe, who made all corporate decisions and controlled all corporate activities. The property on which Webbe Corporation was located and which was identified by means of a sign which read "Webbe Corporation," was in fact titled in the names of Raymond and Joyce Webbe individually. Several trailers located on the same property, which have "Webbe Corporation" boldly painted on their sides, were, in reality, not titled to the corporation. Appellant has sought to attach two vehicles that are titled to Webbe Corporation to satisfy the judgments, but Raymond and Joyce Webbe have

prevented appellant from locating and attaching those vehicles. Webbe Corporation had a bank account in Mark Twain Bank, but no longer has any assets in that account or in that bank. Raymond and Joyce Webbe now do business as "Webb Con," using substantially the same equipment and property used by Webbe Corporation and held out as belonging to Webbe Corporation.

Appellant further alleged the following: Webbe Corporation was represented as a viable business with assets sufficient to meet its obligations, when in fact the corporation had limited assets in its name. Respondents have prevented appellant from executing on those assets to satisfy the obligations of Webbe Corporation or the judgments rendered against Webbe Corporation. The conduct of respondents amounted to defrauding of appellant.

In Count II, appellant incorporated the allegations made in the first count, and further alleged the conduct of respondents to be outrageous, willful, wanton, malicious, oppressive, without justification, and constituting fraud.

Treating all facts alleged as true and construing all allegations favorably to appellant, appellant's First Amended Petition establishes that Raymond and Joyce Webbe, the sole shareholders, officers and directors of Webbe Corporation, clearly controlled Webbe Corporation. We find the various representations by Webbe Corporation of its viability and of its ownership of property, its transfer of that property to a successor business ("Webb Con") controlled by the same persons controlling Webbe Corporation, its closing of the corporate bank account, and the lack of assets in Webbe Corporation's name, all combine to point to Raymond and Joyce Webbe's use of Webbe Corporation as a shield to avoid their debts and defraud appellant. *See Irwin v. Bertelsmeyer,* 730 S.W.2d 302 (Mo.App.E.D.1987); *K.C. Roofing Center v. On Top Roofing,* 807 S.W.2d 545 (Mo.App.W.D.1991).

Appellant's First Amended Petition, while not a model of perspicuity, does state factual allegations sufficient to support its claim for relief and inform respondents of the nature of its action. Appellant pleaded facts to sup-

port each essential element of its cause of action. Appellant's petition was not a wholly unsupported conclusory statement that Raymond and Joyce Webbe used Webbe Corporation to defraud appellant. *See Terre Du Lac,* 737 S.W.2d at 218. Appellant clearly met the standard for pleading the alter ego theory as set out in *Irwin v. Bertelsmeyer.*

We find appellant's allegations in its First Amended Petition were sufficient to withstand a motion to dismiss. The trial court erred in dismissing Counts I and II of appellant's petition. The decision of the trial court is reversed and the cause remanded for actions in accordance with this opinion.

REINHARD, P.J., and CRAHAN, J., concur.