TRI–COUNTY HUMAN DE-
VELOPMENT CORPO-
RATION, Plaintiff,

v.

TRI–COUNTY GROUP XV, INC.,
et al., Defendants.

TRI–COUNTY GROUP XV, INC., Third–
Party Plaintiff, Appellant,

v.

Ralph STONE, Third–Party
Defendant, Respondent.

No. 19636.

Missouri Court of Appeals,
Southern District,
Division Two.

June 21, 1995.

Dale E. Gerecke, Finch, Bradshaw, Strom & Steele, L.C., Cape Girardeau, for appellant.

John L. Oliver, Jr., Oliver, Oliver & Waltz, P.C., Cape Girardeau, for respondent.

GARRISON, Presiding Judge.

Tri–County Group XV, Inc. (Group XV), a for-profit corporation, appeals the dismissal of its third-party petition against Respondent (Stone). Group XV had been sued by Tri–County Human Development Corporation (Tri–County), a *not-for-profit corporation*, wherein the latter sought to nullify a purported sale of its assets to Group XV because of the alleged failure of its board of directors to adopt a resolution recommending the sale to the members and the failure of the members to approve it. Tri–County's suit also sought a judgment for money allegedly converted for the benefit of Group XV by individual defendants who held dual roles in the two corporations as well as a declaration that any sale had not included its accounts receivable.

Group XV then filed its third-party petition against Stone alleging that he was liable to Group XV, on the theories of fraudulent or negligent misrepresentations, for any liability it might have to Tri–County. In the third-party petition, it was alleged that Stone had represented to Group XV that Tri–County had full capacity and authority to enter into the agreements of sale, that it had given its consent to the sale of its assets, and that the sale had been approved by its members.

This appeal flows from the order of the trial court dismissing the third-party petition pursuant to Stone's motion. That motion was premised on three separate allegations: (1) the third-party petition was "not a proper third party petition" under Rule 52.11;[1] (2) the third-party petition failed "to state sufficient facts upon which a claim for relief may be granted"; and (3) "there can be no misrepresentation of legal status as a matter of law." The trial court, in its order, stated "that under the provisions of Rule 52.11, as interpreted by the Appellate Courts, the purported third-party action is not a proper third-party case."[2]

■ In its two points relied on, Group XV contends that the trial court erred in dismissing the third-party petition because (1) it was authorized under Rule 52.11, and (2) it stated a cause of action by invoking the substantive principles of law relating to fraudulent and negligent misrepresentations of fact. An order of dismissal, however, must be affirmed if it can be sustained on any ground which is supported by the motion to dismiss, regardless of whether the trial court relied on that ground. *Muzingo v. Vaught,* 887 S.W.2d 693, 694 (Mo.App.S.D.1994). Because we have determined that the third-party petition did not state a cause of action, we need not review the first point of alleged error.

■ In its second point, Group XV contends that the trial court erred in dismissing the third-party petition because it stated a cause of action for fraudulent and negligent misrepresentation which would entitle it to relief from Stone. Our review of the trial court's ruling on a motion to dismiss requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true, construing allegations favorably to Group XV, and determining whether the third-party petition invokes principles of substantive law. *Gevers Heating & Air v. R. Webbe Corp.,* 885 S.W.2d 771, 773 (Mo.App.E.D.1994). A motion to dismiss is well taken where facts essential to recovery are not pleaded. *Id.* The petition must contain allegations of fact in support of each essential element of the cause pleaded. *Id.* A petition which contains only conclusions and not ultimate facts or any allegations from which to infer those facts, is properly dismissed. *Id.*

■ Group XV's third-party petition was in two counts, the first of which was based on the theory of fraudulent misrepresentations. The elements of fraudulent misrepresentation are:

(1) a representation;

(2) its falsity;

(3) its materiality;

(4) the speaker's knowledge of the falsity or his ignorance of its truth;

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. We note that the trial court also entered an order that there was no just reason for delay and that its order of dismissal was a final order pursuant to Rule 74.01(b).

(5) the speaker's intent that his representation should be acted upon by the hearer and in the manner reasonably contemplated;

(6) the hearer's ignorance of the falsity of the representation;

(7) the hearer's reliance on the truth of the representation;

(8) the hearer's right to rely thereon; and

(9) the hearer's consequent and proximately caused injury.

*Clark v. Olson*, 726 S.W.2d 718, 719 (Mo. banc 1987).

In the instant case, the third-party petition alleged that Stone "is and was at all relevant times hereinafter mentioned a citizen and resident of Pemiscot County"; he had knowledge of the terms of the agreements between Tri–County and Group XV; he represented to Group XV that Tri–County had full capacity and authority to make the agreements, had full knowledge of and had given its consent to the sale of its assets, and that the members had adopted a resolution which approved and consented to the sale. It further alleged that:

(1) Stone made the representations "with the specific and express intention that [Group XV] rely upon such representations in purchasing and acquiring all of the assets of [Tri–County]."

(2) "the representations were false."

(3) "[Stone] knew that the representations were false and ... knew at the time the representations were made that they were false."

(4) "[t]he representations were material to the purchase by [Group XV] of all of the assets of [Tri–County] and in paying good and valuable consideration for the purchase and acquisition of said assets."

(5) "[Group XV] relied on the false representations in making the purchase and acquisition of all of the assets and in so

relying [Group XV] was exercising ordinary care."

(6) "[a]s a direct and proximate result of such false representations on the part of [Stone], [Group XV] has been and will be substantially damaged."

 Stone correctly contends that under Rule 55.15, all averments of fraud must state with particularity the circumstances constituting the fraud, although malice, intent, or other states of mind may be averred generally. *See Empire Bank v. Walnut Products, Inc.*, 752 S.W.2d 404, 406 (Mo.App. S.D.1988). While a pleader need not allege evidentiary facts, he must allege ultimate facts and cannot rely on mere conclusions. *Id.* Failure to properly plead any of the essential elements of a cause of action for fraud is fatal. *Miller v. Ford Motor Co.*, 732 S.W.2d 564, 565 (Mo.App.E.D.1987).

 Group XV acknowledges the elements of fraudulent misrepresentations including that of the hearer's ignorance of the falsity of the representations and its right to rely thereon. It does not attempt, however, to demonstrate that its third-party petition effectively pleaded those elements. Likewise, it does not attempt to excuse the failure to comply with the requirement of Rule 55.15 that the "circumstances constituting fraud ... shall be stated with particularity." [3] The third-party petition in the instant case does not allege the circumstances under which the representations were allegedly made or the connection, if any, which Stone had with the transactions in question. *See Miller v. Ford Motor Co.*, 732 S.W.2d at 566.

Group XV has the burden on appeal to demonstrate trial court error. *Zimmer v. Zimmer*, 862 S.W.2d 355, 365 (Mo.App.S.D. 1993); *New Medico Associates, Inc. v. Snadon*, 855 S.W.2d 489, 491 (Mo.App.S.D.1993). Under the circumstances of the instant case, we cannot conclude that Group XV has sustained that burden with reference to the

---

3. For instance, Group XV does not argue that the failure to plead fraud with sufficient particularity was waived by the failure of Stone to file a motion to make more definite and certain pursuant to Rule 55.27(d). *See Clark v. Olson*, 726 S.W.2d at 719; *Morrison v. Jack Simpson Con-*

*tractor, Inc.*, 748 S.W.2d 716, 719 (Mo.App.E.D. 1988); *Green Acres Enterprises, Inc. v. Nitsche*, 636 S.W.2d 149, 154 (Mo.App.W.D.1982); *McGuire v. Bode*, 607 S.W.2d 165, 167 (Mo.App. W.D.1980).

dismissal of its claim for fraudulent misrepresentations.

Group XV also complains that Count II of its third-party petition, which it characterizes as a claim for negligent misrepresentation, was improperly dismissed. In its brief it acknowledges that the elements of such a claim are: (1) the defendant supplied information in the course of his business; (2) because of a failure by defendant to exercise reasonable care, the information was false; (3) the information was provided by the defendant to the plaintiff in a particular business transaction; and (4) the plaintiff relied on the information and thereby suffered a pecuniary loss. *Quality Wig Co., Inc. v. J.C. Nichols Co.*, 728 S.W.2d 611, 618 (Mo.App. W.D.1987). The third-party petition in the instant case, however, totally fails to plead element number (1). Accordingly, the trial court appropriately dismissed Count II of the third-party petition.

Group XV makes no claim that it should have been allowed to file an amended third-party petition. The order of the trial court sustaining the motion to dismiss the third-party petition is affirmed.

CROW and PARRISH, JJ., concur.