**Joseph KENNEDY, Appellant,**

v.

**MISSOURI ATTORNEY GENERAL, Respondent.**

**No. WD 52126.**

Missouri Court of Appeals, Western District.

May 21, 1996.

Joseph Kennedy, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Frank A. Jung, Assistant Attorney General, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Joseph Kennedy appeals from the dismissal of his petition for declaratory judgment. Mr. Kennedy is currently serving a life sentence without the possibility of parole for fifty years for capital murder. He filed a *pro se* petition for declaratory judgment in the Circuit Court of Cole County, Missouri, naming the Missouri Attorney General as the defendant. The petition sought a declaration that section 558.019.4(1), RSMo 1994 violated

his right to equal protection of the law. The state moved to dismiss the petition for failure to state a claim for relief, Rule 55.27(a)(6), and for judgment on the pleadings, Rule 55.27(b). The trial court dismissed the petition for failing to state a cause of action. The judgment of the trial court is affirmed.

When reviewing the sufficiency of a petition to state a claim for declaratory relief, the reviewing appellate court shall liberally construe the pleadings in favor of the plaintiff and accord averments in the petition their reasonable and fair intendment. *Crain v. Missouri State Employees' Retirement Sys.*, 613 S.W.2d 912, 915 (Mo.App.1981). All facts properly pleaded are taken as true, and the plaintiff is accorded all favorable inferences which can be deduced from the petition. *Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp.*, 885 S.W.2d 771, 773 (Mo.App.1994). If the allegations in the petition invoke principles of substantive law which, if proved, entitles the pleader to a declaration of rights or status, the pleading is sufficient and must not be dismissed. *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 684 (Mo.App.1992). The petition must contain allegations of fact in support of each essential element of the cause pleaded. *Gevers*, 885 S.W.2d at 773. "If the petition offers only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id.* "In comparison to attorney prepared pleadings, a *pro se* petition is held to a less rigorous standard and 'is subject to summary dismissal if it is patently and irreparably frivolous or malicious on its face so that, as pleaded, the plaintiff could prove no set of facts entitling him to relief.'" *Watley v. Missouri Bd. of Probation and Parole*, 863 S.W.2d 337, 338 (Mo.App.1992)(quoting *Howard v. Pettus*, 745 S.W.2d 821, 822 (Mo.App.1988)).

Mr. Kennedy's petition seeks a declaration that section 558.019.4(1), RSMo 1994 violated his constitutional right to equal protection of the law. Section 558.019, RSMo 1994 requires that convicted felons serve a "minimum prison term" before becoming eligible for parole, conditional release or other early release by the Department of Correc-

tions. § 558.019, RSMo 1994. Section 558.019.4, RSMo 1994 provides that a life sentence is calculated as thirty years for the purpose of determining the minimum prison term. § 558.019.4(1), RSMo 1994. The previous statute provided that a life sentence is calculated as fifty years. § 558.019, RSMo 1986. The 1994 version of the statute, by its own terms, is applicable "only to offenses occurring on or after August 28, 1994." § 558.019.7, RSMo 1994. Mr. Kennedy alleges that his right to equal protection of law is violated because other similarly situated defendants, who committed offenses after August 28, 1994, benefitted from the change calculating a life sentence from fifty to thirty years and he did not.

The Equal Protection Clause of the Fourteenth Amendment commands that all persons similarly situated be treated in like manner. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); *Cooper v. Missouri Bd. of Probation and Parole*, 866 S.W.2d 135, 137 (Mo. banc 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2718, 129 L.Ed.2d 843 (1994). It does not forbid the state the power to make classifications, as long as its classifications do not establish invidious discrimination or attack a fundamental interest. *Parton v. Atkins*, 641 S.W.2d 129, 131 (Mo.App.1982). When a statute neither impinges the rights of a suspect classification nor impinges on a fundamental right, it should not be deemed to violative of the equal protection clause unless the statute's classification is totally arbitrary or lacks any legitimate rationality. *Cleburne*, 473 U.S. at 440, 105 S.Ct. at 3254.

Prisoner and parole classifications generally do not involve a suspect classification or fundamental rights; therefore, these classifications are valid if they are rationally related to a legitimate governmental purpose. *Cooper*, 866 S.W.2d at 137. The state has a legitimate interest in regulating its penal system. *Elliott v. Carnahan*, 916 S.W.2d 239, 242 (Mo.App.1995). The requirements under section 558.019 for parole, conditional release or other early release by the Department of Corrections do not lack a legitimate rationale. Likewise, the construction of the stat-

ute which draws the line at the time the offense is committed, on or after August 28, 1994, is not arbitrary and affects all offenders similarly situated alike.

Review of Mr. Kennedy's petition reveals that his allegations fail to demonstrate any basis for his equal protection claim. He does not allege that he was the victim of a suspect classification or that he was denied a fundamental right. He also fails to claim that a legally protected interest is at risk. Furthermore, Mr. Kennedy does not plead specific facts that show other defendants who committed offenses prior to the August 28, 1994, effective date are treated differently than he. His only contention is that he does not benefit from the change in the life sentence calculation as does an unnamed defendant who committed an offense after August 28, 1994. Defendants in each class, those who committed an offense before the effective date and those who committed an offense after the effective date, are treated the same. Finally, Mr. Kennedy committed the offense for which he was convicted and sentenced on November 25, 1983. The 1994 version of section 558.019.4 does not apply to him as a matter of law. Mr. Kennedy's petition was insufficient to raise an equal protection claim. The trial court, therefore, properly dismissed the petition as failing to state a claim upon which relief could be granted.

The judgment of the trial court is affirmed.

All concur.