Ken HAYOB, Respondent,

v.

Garold F. OSBORNE & Stonewood Development Corporation, Appellants.

No. WD 56361.

Missouri Court of Appeals, Western District.

April 20, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1999.

William N. Marshall, III, Kansas City, for respondent.

Steven C. Effertz, Independence, for appellants.

Before SPINDEN, P.J., EDWIN H. SMITH and RIEDERER, JJ.

RIEDERER, Judge.

Garold F. Osborne and Stonewood Development Corporation appeal the grant of summary judgment by the Circuit Court of Jackson County and seek to vacate the arbitration award issued by the arbitrator, the Honorable Anthony P. Nugent. Affirmed.

## Facts

Kenneth Hayob ("Respondent") and Garold Osborne ("Appellant Osborne") were equal and sole shareholders of Stonewood Development Corporation ("the Corporation"), a Missouri closely held corporation formed by them in 1990. On February 8, 1994, in the Circuit Court of Jackson County, Respondent filed an amended petition for damages against Appellants. Count I of the petition alleged that in 1992, Appellant Osborne took exclusive control of all corporate records. It further alleged that in early 1993, Respondent, as a shareholder and pursuant to Section 351.215 RSMo [1], demanded Appellant Osborne produce the corporate records, that Appellant Osborne refused, and that Respondent is entitled to a judgment of two hundred fifty dollars ($250) against Appellant Osborne for each refusal to allow Respondent to inspect the corporate records. It also prayed for a writ of mandamus granting Respondent complete access to the corporate records and all costs incurred including reasonable attorneys' fees.

Count II alleged that Respondent is entitled to reimbursement from the Corporation for various expenses that Respondent paid on the Corporation's behalf and for services rendered thereto, claiming that the aggregate value of reimbursement owed to Respondent exceeded fifteen thousand dollars ($15,000). Finally, Count III alleged that since the summer of 1992, Appellant Osborne has controlled and managed the Corporation to the exclusion of Respondent and that Osborne failed to comply with corporate formalities and treated the Corporation's assets as if they were his own personal assets such that the Corporation was an "alter ego" of Appellant Osborne. Thus, Respondent claimed Osborne should be personally liable for any corporate debts. Respondent's amended petition purports to detail specific instances of Appellant Osborne's wrongful conduct. Appellants each filed an answer.

On May 15, 1995, Jackson County Circuit Court Judge Jay A. Daugherty dismissed the action without prejudice pursu-

1. All statutory references are to RSMo 1994, unless otherwise indicated.

ant to a written agreement of the parties to submit Respondent's claims to arbitration. This agreement was signed by both parties and included, among other things, the following:

(1) The parties agree to dissolve the Corporation and to submit to arbitration the equitable distribution of its assets, taking into account the resolution of pending claims.

(2) The arbitration is to be conducted in accordance with the Missouri laws pursuant to the rules of the American Arbitration Association.

(3) The award of the arbitrator shall be final and binding upon the parties, and a judgment of any Missouri court with jurisdiction may be entered upon the award.

(4) The arbitration shall determine the controversy and claims in the amended petition and answer, which were incorporated into the agreement.

On January 25, 1996, the cause was submitted to arbitration, and on June 20, 1996, the arbitrator, the Honorable Anthony P. Nugent, issued an award. The arbitration award directed that Respondent be paid a sum of $51,799.46 from the Corporation and, if the Corporation could not pay the award in full, from Appellant Osborne. Additionally, various items of personal property were set aside to Respondent as his separate property. In response, on July 10, 1996, Appellants filed a motion to modify the award. Therein, Appellants claimed that "if the Award obligates Osborne to [Respondent] from his personal assets, the Arbitrator has exceeded his authority as there is no evidence or legal precedent which would authorize such an award." On January 11, 1997, an amended arbitration award was issued; it was substantially similar to the award issued on June 20, 1996. The amended award clarified that Appellant Osborne was personally liable to Respondent for any portion of the $51,799.46 which remained unpaid to Respondent after application of the Corporation's assets. Appellants did not file a motion to modify or vacate the amended arbitration award.

On February 24, 1997, Respondent filed a petition for confirmation of the amended arbitration award. Appellants subsequently filed a motion to dismiss on August 8, 1997. As was contained in Appellants' motion to modify the original arbitration award, included in the motion to dismiss was Appellants' affirmative defense that the Arbitrator exceeded his authority, because there is no legal precedent which would obligate Appellant Osborne to pay an award out of his personal assets to a fellow shareholder. The motion to dismiss, however, was denied. Appellants then filed their answer on May 20, 1998, and it contained a similar claim that the arbitrator exceeded his authority. Respondent, in turn, filed a motion for summary judgment. On August 3, 1998, the Circuit Court issued a judgment granting Respondent's motion for summary judgment and confirming the amended arbitration award.

This appeal ensued.

### Standard of Review

The propriety of summary judgment is an issue of law which we review *de novo*. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We examine the entire record to determine whether there is any issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Dial v. Lathrop R–II School District*, 871 S.W.2d 444, 446 (Mo. banc 1994). We view the record in the light most favorable to the party against whom summary judgment was entered, and will affirm if the judgment is sustainable under any legal theory. *ITT*, 854 S.W.2d at 376.

### Discussion

For purposes of discussion, we merge Appellants' two points on appeal. Appellants first argue that the circuit court

erred in granting summary judgment, because Appellants asserted an affirmative defense in their answer to Respondent's petition, and Respondent did not rebut that affirmative defense. In support of this argument, Appellants cite *ITT*. In *ITT*, the Missouri Supreme Court stated that in addition to showing the elements of his claim, for a plaintiff to establish a right to summary judgment, he "must also show, beyond any genuine dispute, the nonexistence of some fact essential to the affirmative defense put forward by the non moving party or that the defense is legally insufficient." *Id.* at 383. The affirmative defense asserted here is that the arbitrator exceeded his authority because no provision of Missouri law allows the arbitrator to obligate Osborne to pay a judgment to a fellow shareholder out of Osborne's personal assets. This is the same issue as Appellant's second point on appeal wherein Appellant again alleges that the amended arbitration award is null and void, because it rendered Appellant Osborne personally liable to Respondent for any portion of the $51,799.46 judgment that could not be satisfied from the assets of the dissolved corporation itself. Thus, we treat these two issues as one.

## A. Whether Appellants timely filed an application to vacate the amended arbitration award under § 435.405 is indeterminable.

■ As will be discussed infra, Appellants seek to vacate the amended arbitration award claiming that the arbitrator exceeded his jurisdiction. First, we address Respondent's claim that the Appellants' defense of the arbitrator exceeding his jurisdiction was not timely made. Section 435.405 outlines the grounds for vacating an arbitration award, but provides that "[a]n application [to vacate] shall be made within ninety days after delivery of a copy of the award to the applicant ..." § 435.405.2. In this case, the amended arbitration award Appellants seek to vacate was issued on January 11, 1997. Appellants' first challenge to the validity of that

*amended* award was contained in Appellants' motion to dismiss filed on August 8, 1997. However, the record does not show when Appellants were delivered a copy of the amended award. Likewise, the record is unclear as to when Appellants were served with Respondent's petition for confirmation of the award, a pleading filed on February 24, 1997, which included a copy of the amended award. Therefore, liberally construing Appellants' motion to dismiss also as an application to vacate under § 435.405, we cannot say that Respondent is entitled to judgment as a matter of law for Appellants' alleged failure to timely file such an application.

## B. The arbitrator did not exceed his powers.

■ Appellant claims that there is no provision of Missouri law allowing for a corporate shareholder, such as Appellant Osborne, to be held personally liable to another shareholder of the same corporation, such as Respondent, for transactions pertaining to and/or under the guise of corporate activities. Appellants note that Missouri cases dealing with the issue of disregarding the corporate entity, i.e., "piercing the corporate veil," have implicitly required that "the wrong done be the proximate cause of injury to *third persons* who dealt with the corporation." *Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp.*, 885 S.W.2d 771, 774 (Mo.App.1994) (emphasis added). Appellants argue that since Respondent is not a third party, but rather is a corporation shareholder, the arbitration award is contrary to Missouri law. The parties' written agreement to submit Respondent's claims to arbitration specifically stated, "[t]he arbitration is to be conducted ... in accordance with the laws of the State of Missouri ..." Appellants thus argue that by issuing an award that is repugnant to Missouri case law, the arbitrator in this case exceeded his jurisdiction, and the award should be vacated.

Section 435.405 states, in pertinent part, that an arbitration award shall be vacated where "[t]he arbitrators exceeded their powers." § 435.405.1(3). We must decide, then, whether Respondent is entitled to judgment as a matter of law despite Appellants' contention that the amended arbitration award is founded upon a mistake of law.

■ The final clause of § 435.405.1 states that "the fact that the relief was such that it could or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." § 435.405.1(5). Moreover, this Court addressed the issue when it stated, "[m]anifest disregard for the law is not a statutory basis for vacating an award," *Stifel, Nicolaus & Co. v. Francis,* 872 S.W.2d 484, 485 (Mo.App.1994). Arbitrators exceed their jurisdiction only when they decide matters beyond the scope of the arbitration agreement or which clearly were not submitted to them for arbitration. *Edward D. Jones & Co. v. Schwartz,* 969 S.W.2d 788, 794 (Mo.App.1998) (citing *Holman v. Trans World Airlines, Inc.,* 737 F.Supp. 527, 530 (E.D.Mo.1989)).

■ In the present case, the plaintiff (Respondent) filed an amended petition on February 8, 1994, in which he demanded judgment against Osborne individually. Osborne filed an answer. The parties agreed by written contract to submit to arbitration all the claims contained in those pleadings. The scope of arbitration is defined by the contract between the parties. *Estate of Sandefur v. Greenway,* 898 S.W.2d 667, 669 (Mo.App. 1995). Therefore, the issue of adjudicating Respondent Osborne's personal liability was, indeed, within the jurisdiction of the arbitration panel. Accordingly, with respect to the issue of Respondent Osborne's personal liability, no determination of the arbitrator would exceed his powers as contemplated by § 435.405.1(3), even if repugnant to the laws of the State of Missouri.

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

All concur.