Mario ANSELMO, Appellant,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

No. WD 58182.

Missouri Court of Appeals, Western District.

Sept. 26, 2000.

Mario Anselmo, St. Joseph, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

Before: SPINDEN, C.J., and BRECKENRIDGE and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Mario Anselmo appeals from the circuit court's dismissal of his petition for declaratory judgment. In his sole point on appeal, Anselmo claims the circuit court erred in granting the Missouri Board of Probation and Parole's ("Board") motion to dismiss his petition because §§ 217.690.3 [1] and 217.690.8 only allow the Board to require an offender to meet conditions during the term of the parole, not prior to the offender being paroled.

We affirm.

1. All statutory references are to RSMo Cum. Supp.1997.

## Facts

Mario Anselmo is currently incarcerated at the Western Reception Diagnostic Correctional Center in St. Joseph, Missouri. In June 1999, Anselmo received a form from the Board stating as follows:

> You have been scheduled for release from confinement on 04/23/2001. Actual release depends upon continued record of good conduct and an acceptable release plan.... Special conditions of release are: Long Term Drug Program, No Drinking, Substance Abuse Program.

\* \* \* \* \*

Anselmo filed a petition for declaratory judgment on August 2, 1999. In his petition, Anselmo stated that the Board requires inmates "to do programs such as Institutional Therapeutic Community[ ] or Long Term Treatment" before being placed on parole. Anselmo contended that the Board did not have the authority to require him to participate in rehabilitation programs until he was actually paroled.

The Board filed a motion to dismiss Anselmo's petition. The circuit court entered its judgment dismissing Anselmo's petition, finding as follows:

> Petitioner complains that the Missouri Board of Probation and Parole has no authority to require him to complete a long term treatment program before his parole release. The court finds, however, that the Missouri Legislature has vested in the Missouri Board of Probation and Parole a system of parole that is best described as discretionary. Once an inmate becomes eligible for parole consideration, then the Board has discretion to parole or not to parole. § 217.690.1, RSMo. The June 9, 1999 notice to petitioner clearly articulated to petitioner the Board's expectation that petitioner participate[ ] in a long term drug program.... Since actual parole release of an individual is discretionary

with the Board, the Board acts well within its discretion when it allows an individual to complete rehabilitation programs before their release to society. Accordingly, petitioner fails to state a claim for which relief can be granted, and respondent's motion to dismiss should be granted.

This appeal follows.

## Standard of Review

In determining the sufficiency of a petition for declaratory judgment, this court not only deems the facts pleaded to be true, but it also construes the averments liberally, and draws all reasonable and fair inferences from the facts pleaded. *Duvall [v. Silvers, Asher, Sher & McLaren, M.D.'s,* 998 S.W.2d 821, 823 (Mo.App. W.D.1999) ]. "If the allegations in the petition invoke principles of substantive law which, if proved, entitles the pleader to a declaration of rights or status, the pleading is sufficient and must not be dismissed." *Kennedy v. Missouri Atty. Gen.,* 922 S.W.2d 68, 70 (Mo.App.1996). The petition must, however, contain facts to support its allegations, and not merely conclusions. *Id.* "If the facts demonstrate any justiciable controversy, the trial court should declare the rights of the parties." *Jones v. Carnahan,* 965 S.W.2d 209, 214 (Mo.App.1998).

*Roy v. Missouri Dept. of Corrections,* 23 S.W.3d 738, 742–43 (Mo.App.W.D.2000).

## Argument

Anselmo's sole point on appeal is that the circuit court erred in granting the Board's motion to dismiss his petition because §§ 217.690.3 and 217.690.8 only allow the Board to require an offender to meet conditions during the term of the parole, not prior to the offender being paroled.

Section 217.690 provides, in relevant part, as follows:

1. When in its opinion there is reasonable probability that an offender of a correctional center can be released without detriment to the community or to himself, the board may in its discretion release or parole such person except as otherwise prohibited by law. All paroles shall issue upon order of the board, duly adopted....

3. The board shall adopt rules not inconsistent with law, in accordance with section 217.040, with respect to the eligibility of offenders for parole, the conduct of parole hearings or conditions to be imposed upon paroled offenders. Whenever an order for parole is issued it shall recite the conditions of such parole....

8. The board may, at its discretion, require any offender seeking parole to meet certain conditions during the term of that parole so long as said conditions are not illegal or impossible for the offender to perform. These conditions may include an amount of restitution to the state for the cost of that offender's incarceration.

\* \* \* \* \*

A prisoner has no liberty interest in parole under § 217.690. *State ex rel. Cavallaro v. Groose,* 908 S.W.2d 133, 135 (Mo. banc 1995). The Board has almost unlimited discretion in whether to grant parole release. *Id.* As the Board points out, the plain language of § 217.690.3 clearly establishes that the Board has the authority to create eligibility requirements for parole.

Anselmo has not alleged facts in his petition that constitute a justiciable controversy. Therefore, the circuit court did not err in dismissing his petition.

The judgment of the circuit court is affirmed.

SPINDEN, C.J., and
BRECKENRIDGE, J., concur.