{¶ 27} I respectfully dissent.
 {¶ 28} R.C. 2711.13 provides that "notice of a motion to vacate * * * an [arbitration] award must be served upon the adverse party * * * within three months after the award is delivered." The term "delivery" is not defined under R.C. 2711.13. The majority elects to use the date an arbitration award is post-marked as the delivery date. By using the post-mark date, the majority actually reduces the three months by the number of days between the post-mark date and the date of actual delivery. Nothing in the statute calls for such a reduction.
 {¶ 29} The only Ohio courts to have considered the issue of what constitutes "delivery" of the arbitration award have both concluded that delivery occurs upon actual, physical receipt of the award. Construing R.C. 2711.08, which requires that the arbitration award be in writing and delivered "without delay," the Fourth Appellate District concluded: "The law requires literal receipt of the arbitration award by the parties because it provides them with the rationale and details of the award that are necessary for them to levy an appropriate challenge to the award in the trial court." Fraternal Order of Police, Ohio Labor Council, Inc.,v. City of Athens (Nov. 14, 2001), 4th Dist. No. 01CA18, 2001-Ohio-2621, 2001 Ohio App. LEXIS 5166, at *4 (citation omitted). Similarly, the Eighth Appellate District has held that constructive delivery of an award is insufficient under Chapter 2711 to fulfill "the legitimate objectives served by literal delivery." Lockhart v. American Res. Ins. Co. (1981),2 Ohio App.3d 99, 103.
 {¶ 30} The majority relies on the Fifth Appellate District's decision in Fraternal Order of Police, Ohio Labor Council, Inc. v. Perry Cty.Commrs., 5th Dist. No. 02-CA-14, 2003-Ohio-4038. In that case, the arbitration award was signed on September 24, 2001, post-marked on October 3, 2001, and actually received on October 5, 2001. The motion to vacate was filed on December 28, 2001 — some 86 days after the award was post-marked and 84 days after actual physical receipt. The majority correctly notes that the Fifth Appellate District rejected the use of the date printed on the award as the starting date for the three months count. The majority, however, leaps to the conclusion that the Fifth Appellate District "used the post-marked date" for that purpose. That court could have just as likely used the date of actual physical delivery as the trigger for the three months count. Cf. Beckett v. Anchor MotorFreight, Inc. (Oct. 25, 1982), S.D. Ohio No.C-1-77-88, 1982 U.S. Dist. LEXIS 17405, at *10 ("Ohio Revised Code § 2711.13 suggests that a defendant must show the date of delivery of an arbitration award in raising the statute of limitations in state court").
 {¶ 31} In the absence of a contrary statutory definition, "delivery" should mean physical receipt.
 {¶ 32} The majority has construed "delivery" to mean constructive delivery and concluded that delivery occurs on the date that the award is post-marked. At this point, the majority explains, the document "is intended to reach the recipient and can no longer be retracted by the sender." The majority adopted its solution to the question of what constitutes "delivery" from the "mailbox rule" in contract law. The "mailbox rule" states that "in the absence of any limitation to the contrary in the offer, an acceptance is effective when mailed." Casto v.State Farm Mut. Auto. Ins. Co. (1991), 72 Ohio App.3d 410, 413. In the context of contract law, the rule is justified as one of the parties must bear the risk of loss and it is the offeror who has the power to dictate the terms of acceptance. The rule is wholly inappropriate as applied to Ohio's arbitration statutes. The post-marking of an arbitrator's award is not the functional equivalent of acceptance of an offer to contract; nor do parties to arbitration have the power to dictate the terms of acceptance.
 {¶ 33} The singularity of the majority's holding can be demonstrated by comparing the rule announced in its decision with the comparable provision of the Uniform Arbitration Act, which has been adopted in thirty states. Under the uniform act, a motion to vacate an award "shall be made within ninety days after delivery of a copy of the award to theapplicant." Uniform Arbitration Act (U.L.A.) § 12(b) (emphasis added). This wisdom of this approach was recognized by the Fourth Appellate District when it stated that actual delivery of the award provided the applicant "with the rationale and details of the award that are necessary for them to levy an appropriate challenge." Fraternal Order of Police,
2001 Ohio App. LEXIS 5166, at *4. Under the uniform act, it is the actual delivery of the award that commences the running of the ninety-day period. See, e.g. Hayob v. Osborne (Mo.App. 1999), 992 S.W.2d 265, 268. A similar rule applies in jurisdictions, such as New York, that have not adopted the Uniform Arbitration Act. Cf. N.Y.C.P.L.R. § 7511(a) ("An application to vacate or modify an award may be made by a party within ninety days after its delivery to him.").
 {¶ 34} The majority states that an actual notice rule is "unsuggested by R.C. 2711 and unauthorized by Ohio law." No authority, however, has been cited to support such assertions. On the contrary, it is the majority that imposes a judicially created, constructive delivery/mailbox requirement which is not proscribed in the statute. An actual notice rule is consistent with decisions from the Fourth, Fifth and Eighth Appellate Districts, as well as the Uniform Arbitration Act.
 {¶ 35} In this case, the three months period began on the date appellant physically received a copy of the December 20, 2002 arbitration award or received actual notice thereof. Evidence of that date cannot be found in the record. In the absence of that date, the timeliness of appellant's motion to vacate cannot be determined.
 {¶ 36} Therefore, the decision of the trial court should be reversed and this matter should be remanded for further proceedings to determine whether appellant's motion was filed within three months after appellant's physical receipt of the arbitration award at issue.