**Stephen Lee ELLIOTT, Appellant**

v.

**Mel CARNAHAN, et al., Respondents.**

**No. WD 51062.**

Missouri Court of Appeals, Western District.

Submitted Sept. 13, 1995.

Decided Dec. 5, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 1996.

Application to Transfer Denied March 26, 1996.

Stephen Lee Elliott, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for respondents.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

SMART, Judge.

Stephen Lee Elliott appeals from the dismissal of his petition for declaratory judgment. Elliott, an inmate at the Moberly Correctional Center, claims that the trial court erred in dismissing his petition challenging his conditional release date because: (1) the court erred in determining that he did not have a liberty interest in his conditional release date; and (2) the court erred in finding that he failed to demonstrate the existence of a justiciable controversy. Affirmed.

Stephen Lee Elliott is currently incarcerated pursuant to his conviction for rape. He was sentenced on June 29, 1989, to a term of fifteen years imprisonment. Pursuant to § 558.011.4(1), RSMo 1994 [1], Elliott's sentence consists of a prison term and a period of conditional release. Section 558.011.4(1)(b) establishes the conditional release term of three years for a fifteen year sentence.

On December 23, 1994, Elliott filed a petition for declaratory judgment in the circuit court of Cole County naming Mel Carnahan, the governor of Missouri, and Cranston Mitchell, the chairman of the Missouri Board of Probation and Parole, as defendants. In his petition Elliott claimed that his right to equal protection had been violated in that § 558.011 and 14 CSR 80–2.040(2) require that he serve twelve years of his fifteen year sentence whereas an inmate serving sixteen or seventeen year sentences may not be incarcerated as long based upon the applicable conditional release terms.

The trial court dismissed the petition, finding that Elliott had not stated a claim upon which relief could be granted in that he did not allege facts demonstrating the existence of a justiciable controversy. The trial court also stated that even if a justiciable claim had been established, there was no violation of his equal protection right and Elliott was not entitled to release.

### Standard of Review

In reviewing the dismissal of a motion for declaratory judgment, we accept as true all well-pleaded facts and inferences. *State Farm Fire & Casualty Co. v. Alberici*, 852 S.W.2d 388, 389 (Mo.App.1993). In testing for sufficiency of a petition, we look to see whether the parties demonstrate an entitlement to a declaration of rights or status based upon the pleaded facts. *Teat v. Director of Revenue*, 806 S.W.2d 754, 757 (Mo. App.1991). In *Missouri Dep't of Social Services v. Agi–Bloomfield Convalescent Center, Inc.*, 682 S.W.2d 166, 168 (Mo.App.1984), this court stated the requirements:

One, facts must be alleged showing a subsisting justiciable controversy between the parties admitting of specific relief by way of a decree of a conclusive character, as opposed to a mere advisory decree upon a hypothetical state of facts. Two, facts must be alleged showing that the party or

---

1. All sectional references are to Missouri Revised Statutes 1994, unless otherwise indicated.

parties seeking declaratory relief have a "legally protectable interest at stake." Three, facts must be alleged showing that the question or subject posed for declaratory relief is appropriate and ripe for judicial resolution.

(Citations omitted).

### Justiciable Controversy

The court below found that Elliott did not allege facts that demonstrate the existence of a justiciable controversy, that a legally protected interest is at stake, or that the issue presented is ripe for judicial resolution. The court based its finding, in part, on the statute that defines conditional release, § 588.011. Section 558.011 states, in pertinent part:

4. (1) A sentence of imprisonment for a term of years for felonies other than dangerous felonies as defined in section 556.061, RSMo, and other than sentences of imprisonment which involve the individual's fourth or subsequent remand to the department of corrections shall consist of a prison term and a conditional release term. The conditional release term of any term imposed under section 557.036, RSMo, shall be:

(a) One-third for terms of nine years or less;

(b) Three years for terms between nine and fifteen years;

(c) Five years for terms more than fifteen years; and the prison term shall be the remainder of such term....

(2) "Conditional release" means the conditional discharge of an offender by the board of probation and parole, subject to conditions of release that the board deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the state board of probation and parole. The conditions of release shall include avoidance by the offender of any other crime, federal or state, and other conditions that the board in its discretion deems reasonably necessary to assist the releasee in avoiding further violation of the law.

5. The date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole. The director of any division of the department of corrections except the board of probation and parole may file with the board of probation and parole a petition to extend the conditional release date when an offender fails to follow the rules and regulations of the division or commits an act in violation of such rules....

Under the scheme outlined above, Elliott, who is serving a fifteen year sentence, would serve twelve years (fifteen less three) in prison and three years on conditional release. An inmate who had been sentenced to sixteen years, however, would serve only eleven years in prison (sixteen less five), with five years on conditional release. Elliott, sentenced in 1989, has served approximately six years of his sentence. His entitlement to conditional release on a given date has not been established and cannot be established at this time. Subsection 5 of § 558.011 makes it clear that the release dates calculated under subsection 4 are not automatic.

### Liberty Interest

In *Fults v. Missouri Bd. of Probation & Parole*, 857 S.W.2d 388 (Mo.App.1993), this court looked at whether the parole board's guidelines created a protected liberty interest. In deciding that no such interest had been created, this court stated: "A prisoner has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence." *Id.* at 392. We did, however, point out that a protected liberty interest may be created by the language used in statutes or regulations. *Id.; see also State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 134 (Mo. banc 1995). Such an interest is created where the language of the statute is explicitly mandatory or contains specific substantive predicates. *Kelly v. Gammon*, 903 S.W.2d 248, 251 (Mo.App.1995). Subsection 4 of the statute that is under scrutiny would, read in isolation, create such an interest. However, subsection 4 is merely a part of the larger statutory scheme, which allows the

board discretion as to the date of release based upon the conduct of the prisoner.

### Equal Protection of the Law

Even were we to assume *arguendo* that Elliott had pleaded facts which would invoke a liberty interest, he would not be entitled to relief because the challenged statutory scheme does not violate his right to equal protection of the law guaranteed by the fourteenth amendment of the U.S. Constitution. When a statute neither creates a suspect classification nor impinges on a fundamental right, it should not be deemed to violate the equal protection clause unless the statute's classification is totally arbitrary or lacks any legitimate rationality. *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Elliott did not allege that he is a victim of a suspect classification by virtue of a group to which he belongs. Further, he did not allege that he is being denied a fundamental right.

The equal protection clause does not deny the state the power to make classifications, as long as its classifications do not establish invidious discrimination or attack a fundamental interest. *Parton v. Atkins,* 641 S.W.2d 129, 131 (Mo.App.1982). There is a presumption that the legislature acted within its constitutional power in spite of the fact that its laws might result in some inequality. *State ex rel. May Dep't Stores Co. v. Koupal,* 835 S.W.2d 318, 322 (Mo.1992). Mathematical precision is not required. *State v. Mitchell,* 563 S.W.2d 18, 23 (Mo. banc 1978). Where the classification in such a law is challenged, if any state of facts, reasonably conceived, can sustain the law, then the existence of such state at the time the law was enacted is presumed. *Id.*

In the instant case, the State has a legitimate interest in regulating its penal system. Section 558.011 establishes a system whereby a sentence of imprisonment for a term of years consists of a prison term and a conditional release term. The length of each prison term and conditional release term break down as follows:

| Sentence | Conditional release | Percentage Served |
|---|---|---|
| 9 years or less | ½ | 66% |
| between 9 & 15 years | 3 years | 70% to 80% |
| greater than 15 years | 5 years | 69% and up |

Members in each class are treated the same. The escalation of conditional release terms from one-third of the sentence, to three years, and then to five years, is not at all illogical. Although someone could argue that there is a better way to construct the classifications, it cannot be said that the classifications lack a legitimate rationale. The presumption that the legislature acted within its power is sufficient to warrant the dismissal of the claim. The state has several factors to consider in developing policy related to conditional release from incarceration. We will not require the state to justify that which gives no appearance of impropriety.

### Conclusion

The trial court properly dismissed the petition because Elliott did not state a claim upon which relief could be granted. The judgment of the trial court is affirmed.

All concur.