**Joseph KENNEDY, Appellant,**

v.

**MISSOURI ATTORNEY GENERAL,**
**State of Missouri, Respondent.**

**No. WD 51605.**

Missouri Court of Appeals,
Western District.

Submitted Feb. 16, 1996.

Decided April 23, 1996.

Joseph Kennedy, pro se, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and SMART and ELLIS, JJ.

SMART, Judge.

This case involves a declaratory judgment action brought by an inmate seeking to attack the validity of his conviction for murder. Joseph Kennedy appeals from the trial court's order dismissing his petition for failing to state a cause of action upon which relief may be granted. On appeal, Kennedy claims that (1) the trial court erred by dismissing his petition for declaratory judgment because the court used the wrong standard of review to dismiss the petition; and (2) the trial court erred in denying his petition for leave to proceed in forma pauperis because the order was not based upon a finding that he was indigent.

Judgment is affirmed.

Joseph Kennedy is currently an inmate at the Jefferson City Correctional Center. Kennedy was convicted of capital murder and sentenced to life imprisonment without the possibility of probation or parole for fifty years. On July 7, 1995, Kennedy filed an action for declaratory judgment challenging the conviction and a petition for leave to proceed in forma pauperis. The question Kennedy presented to the trial court was:

> Whether in plaintiff's criminal case the State was obligated by federal law to present to the jury the exact essential elements of the offence enacted by the State Legislature in defining the culpable mental state of mind to commit capital murder in order for the jury to find each element beyond a reasonable doubt; and, if the State was so obligated, was it a denial of plaintiff's Constitutional rights to due process under the Fourteenth Amendment not to have done so?

On July 28, 1995, the trial court dismissed Kennedy's petition, stating: "After review of plaintiff's petition, court determines that same fails to state a cause upon which relief may be granted; accordingly, plaintiff is denied leave to proceed in forma pauperis and the petition is dismissed...." On August 21, 1995, Kennedy filed his notice of appeal and was granted leave to proceed as a poor person on August 28, 1995.

■ In Point I, Kennedy contends that the trial court erred in denying his petition for declaratory judgment because the trial court used the wrong standard of review to dismiss the petition and failed to comply with Rule 87.04. Kennedy complains that the trial court should not have dismissed his action for failure to state a claim because the State of Missouri and the Attorney General were never made parties to the action and never requested a dismissal for failure to state a claim. Kennedy asserts that until these de-

fendants are joined as parties, the trial court is foreclosed from adjudicating this issue. On review of a dismissal of a petition, this court must allow the petition its broadest intendment, treat all facts alleged as true, and construe the allegations favorably to the plaintiff. *Sheehan v. Sheehan,* 901 S.W.2d 57, 59 (Mo. banc 1995). A petition will not be dismissed for failure to state a claim if it asserts facts which would entitle plaintiff to relief, if proven. *Sullivan v. Carlisle,* 851 S.W.2d 510, 512 (Mo. banc 1993).

▮ The trial court correctly dismissed Kennedy's petition for failure to state a claim. A trial court may raise the issue of the sufficiency of a petition *sua sponte* because such defect is jurisdictional. *Commercial Bank of St. Louis County v. James,* 658 S.W.2d 17, 21 (Mo. banc 1983). Kennedy's petition fails to state a claim because it is barred by the doctrine of res judicata. The doctrine of res judicata, commonly referred to as "claim preclusion," operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them. *American Polled Hereford Ass'n v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo.1982). The policies supporting res judicata include: (1) relieving parties of the cost and vexation of multiple lawsuits; (2) conserving judicial resources; and (3) encouraging reliance on adjudications. *Doherty v. McMillen,* 805 S.W.2d 361, 362 (Mo.App. 1991). The doctrine is based upon the principle that a party should not be able to relitigate, in a second proceeding, a claim which was, or which should have been, litigated in a previous proceeding. *Andes v. Paden, Welch, Martin & Albano, P.C.,* 897 S.W.2d 19, 21 (Mo.App.1995). The doctrine of res judicata bars a claim if the following elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons or parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 501 (Mo. banc 1991). The doctrine of res judicata "applies not only to points and issues upon which the court was required by the pleadings and

proof to form an opinion and pronounce judgment, *but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time."* *Id.* (emphasis added). Stated another way, "a party may not litigate an issue and then, upon an adverse verdict, revive the claim on cumulative grounds which could have been brought before the court in the first proceeding." *Id.*

▮ Kennedy was charged by the State of murdering Charles Amussen, in violation of § 565.001, and found guilty after a jury trial. Kennedy appealed the murder conviction. However, he did *not* complain on appeal that the state failed to present the jury with the exact elements of the offense that were defined in § 565.001. Instead, after losing on appeal, Kennedy filed this declaratory judgment action to challenge the conviction. Both the criminal action and the civil action involved the same parties, same subject matter and focused on the same statute. The claims asserted in Kennedy's declaratory judgment action should have been raised in the direct criminal appeal, not in an civil action for declaratory relief. "A person who has suffered criminal conviction is bound to raise all challenges thereto timely and in accordance with the procedures established for that purpose. To allow otherwise would result in a chaos of review unlimited in time, scope, and expense." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). Based on the foregoing, Kennedy's action for declaratory action was properly dismissed for failure to state a claim as it was barred by the doctrine of res judicata. In Point II, Kennedy claims that the trial court erred in denying his petition for leave to proceed in forma pauperis because the order was not based on a finding that he was indigent. In light of our holding that Kennedy's action was barred by res judicata, we need not address the second point.

The judgment is affirmed.

All concur.