Charles JOHNSON, Appellant,

v.

MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.

No. WD 61199.

Missouri Court of Appeals, Western District.

Sept. 24, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 2002.

Application for Transfer Denied Jan. 28, 2003.

Charles Johnson, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Cassandra K. Dolgin, Assistant Attorney General, Jefferson City, MO, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, RONALD R. HOLLIGER, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Chief Judge.

■ Charles Johnson appeals from the judgment of the circuit court granting the Missouri Board of Probation and Parole's motion for summary judgment and denying Johnson's petition for declaratory relief and motion for summary judgment in which he challenged the application of

§ 558.011 [1] and 14 CSR 80–2.030(7) to his case. Specifically, Johnson claimed that the statute established that the maximum time he could be required to serve on parole, regardless of the date he was released from prison, was five years. The trial court determined, and we agree, that Johnson's argument was based on a misunderstanding of § 558.011.

Johnson is currently an inmate at the Algoa Correctional Center in Jefferson City, Missouri. Johnson was convicted in 1982 of second-degree robbery and stealing. On March 4, 1983, Johnson was sentenced to concurrent terms of imprisonment of twenty-five years for the robbery conviction and fifteen years for the stealing conviction. Johnson was placed in the custody of the Missouri Department of Corrections on March 8, 1983, and, with credit for jail time, his sentence start date was May 7, 1982. On August 6, 1993, after serving more than eleven years of his sentence, the Board released Johnson on parole. The Order of Release on Parole stated that Johnson's sentence expired on April 7, 2007.

On November 18, 1999, Johnson's parole was revoked due to the following violations:

The Board, from the evidence presented, specifically, the violation reports dated 8–2–99, 9–2–99, 9–3–99, and 10–12–99, and the offender's testimony during his 11–5–99 revocation hearing, finds by the preponderance of the credible evidence, that the offender has violated Condition #8 REPORTING DIRECTIVES of the Conditions and Order of Parole. He did so by knowingly failing to contact his Parole Officer upon leaving inpatient treatment at Alexian Brothers Hospital on or about 7–9–99. By his own admission, he did not contact his Parole Officer to advise of his change of residency when he left inpatient treatment on or about 7–9–99.

Therefore, the Board in its discretion has determined to revoke the parole granted the offender on 8–6–93, and to schedule the offender for a hearing in March 2000.

In addition to revoking Johnson's parole, the Board determined that twenty-nine days would not be counted as time served and determined that Johnson's new release date was May 6, 2007.

On August 11, 2000, Johnson filed a petition for writ of *habeas corpus* in the Circuit Court of Cole County claiming that he had served more than six years on parole and that § 558.011 required the Board to release him from supervision af-

---

1. We cite to RSMo 2000. The Board claims in its jurisdictional statement that Johnson, in his petition for declaratory judgment, challenged the application of § 558.011 RSMo 1978 to his case, which is the version of the statute that was in effect at the time of Johnson's offenses. Johnson did not cite to a specific version of the statute in his petition. Rather, Johnson stated that the Missouri Legislature enacted the statute in 1979, and then challenged the statute's application to his case. As explained *infra*, when Johnson was paroled and when he filed his petition, he had not yet established an entitlement under § 558.011.

As discussed *infra*, Johnson was placed on parole in August 1993, pursuant to the general al parole statutes that were in effect at the time. *See Wheat v. Missouri Bd. of Prob. & Parole*, 932 S.W.2d 835, 839 (Mo.App. W.D. 1996). " '[A] prisoner has no liberty interest in the application of the statutory and regulatory conditions for parole in effect at the time of the offense, rather than those currently in effect, unless he can show that he would have been entitled to parole under the older standard' before it was repealed." *Wheat*, 932 S.W.2d at 839 (quoting *Williams v. Gammon*, 912 S.W.2d 80, 84 (Mo.App. W.D.1995)). Johnson did not claim in his petition or his brief that he has a liberty interest in the application of the old statutes to his case.

ter he completed five years of parole. On August 17, 2000, the court issued its order denying the petition for failure to state a claim upon which relief could be granted.

Sometime later, Johnson filed a petition for writ of *habeas corpus* in the Missouri Supreme Court challenging the application of § 558.011 to his case. On October 31, 2000, the court issued its order denying the writ without prejudice pursuant to Rule 84.22.[2]

On December 11, 2000, Johnson filed a petition for writ of *habeas corpus* with this Court. Johnson argued, *inter alia,* that § 558.011.4(1)(c) "mandates absolute discharge from supervision after a prisoner has served a fixed prison term and a fixed conditional release term." Johnson stated that the fixed conditional release term for his sentence was five years, and, therefore, he had a right to absolute discharge on August 16, 1998. The Board filed suggestions in opposition to Johnson's petition, arguing that Johnson was paroled and not conditionally released and that § 558.011 had no bearing on his case. On January 19, 2001, this court entered its order denying Johnson's petition.

On April 12, 2001, Johnson filed a petition for declaratory judgment in the Circuit Court of Cole County. Johnson's petition raised five claims. First, Johnson argued that § 558.011 is invalid, being constitutionally infirm because of its vagueness, because it was intended to establish the maximum length of time offenders could be supervised by the Board but does not ensure the Board's adherence to those maximum terms. Second, he claimed that § 558.011 is invalid, being constitutionally infirm because of its vagueness, because it has the effect of discriminatorily extending the parole supervision of black defendants. Third, he contended that the Board violated Article II, § 1 of Missouri's Constitution in promulgating 14 CSR 80–2.030(7)(A), because the regulation is in direct conflict with § 558.011. Fourth, he asserted that the Board violated § 558.011 and Johnson's due process rights in extending its supervision of Johnson beyond five years. Fifth, Johnson argued that the Board violated his equal protection rights in extending his parole beyond five years.

The Board filed a motion for summary judgment, arguing that Johnson's claims were barred because he had already challenged the constitutionality of § 558.011 in his petitions for writ of *habeas corpus.* The Board also claimed that Johnson's challenge to 14 CSR 80–2.030 was barred because Johnson could have raised the claim in his petitions for writ of *habeas corpus.*

On May 29, 2001, Johnson filed his "Response/Opposition to Respondent's Summary Judgment Motion." Johnson argued that he did not claim in his petitions for writ of *habeas corpus* that § 558.011 was invalid and that this court did not reach the merits of the issue in denying his petition. Johnson also claimed that he did not argue in his petitions for writ of *habeas corpus* that the Board violated Article

---

2. Rule 84.22 provides:
    (a) No original remedial writ shall be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court.
    (b) If a judgment has been entered and an appeal of the judgment is pending or the time for filing an appeal has not expired, no original remedial writ shall be issued by an appellate court, or any district thereof, with respect to any matter collateral to the appeal unless the appeal is pending in the court and district, if the appeal has been filed, or the court and district would have jurisdiction of the appeal if one is timely filed.

II, § 1 of the Missouri Constitution by promulgating 14 CSR 80–2.030(7)(A).

On June 18, 2001, Johnson filed his motion for summary judgment in which he argued that the Board violated his due process rights by extending its supervision of him beyond the "five year maximum" set forth in § 558.011.4(1)(c).

On September 24, 2001, the court entered its judgment sustaining the Board's motion for summary judgment and denying Johnson's petition for declaratory judgment and motion for summary judgment. The court stated the following in denying the first, second and fourth claims raised in Johnson's petition:

> Petitioner previously litigated the issues of the constitutionality and/or application of § 558.011, as now presented in claims 1, 2, and 4, in petitions for writ of habeas corpus. The Missouri Court of Appeals and the Circuit Court of Cole County, Missouri decided the issue adversely to petitioner. Petitioner's attempt to once again litigate his challenge to the authority of Board to revoke his parole and those courts' interpretation and/or application of § 558.011 is barred.

In a footnote, the court stated the following regarding the merits of Johnson's argument:

> In any event, the Court concludes that petitioner's claims are based upon an erroneous reading of § 558.011.4. Citing § 558.011.4(1)(c), petitioner contends that he was entitled to be released from custody after service of five years, and thus his subsequent parole release and the conditions thereunder, and the revocation of parole, were violative of law. To the contrary, § 558.011.4(1)(c) required that petitioner serve a term of imprisonment of twenty years—i.e., five years of conditional release less the twenty-five year sentence. Section 558.011.4(1)(c) provided in pertinent part

> that "[t]he conditional release term of any term imposed under section 557.036, RSMo, shall be [f]ive years for terms more than fifteen years; and *the prison term shall be the remainder of such term.* . . ." (emphasis added).

In denying the third and fifth claims raised in Johnson's petition, the court stated the following:

> Further, the doctrine of res judicata precludes a party from litigating an issue and then, upon an adverse judgment, reviving the claim on grounds which could have been brought in the first proceeding. Thus petitioner's additional claims similarly attacking the authority of the Board to require a parolee to abide by certain conditions of parole and to revoke petitioner's parole, now upon equal protection grounds, is barred.

(internal citations omitted).

In a second footnote, the court stated that Johnson's claims were based upon an erroneous reading of § 558.011.4.

Johnson brings this appeal.

"Our review of an appeal from the grant of a motion for summary judgment is essentially de novo." *Trans World Airlines, Inc. v. Associated Aviation Underwriters,* 58 S.W.3d 609, 617 (Mo.App. E.D.2001). We view the record in the light most favorable to the party against whom judgment was entered and accord the non-moving party the benefit of all reasonable inferences. *McDermott v. Missouri Bd. of Prob. & Parole,* 61 S.W.3d 246, 247 (Mo. banc 2001). "[T]he entry of summary judgment is appropriate when the moving party establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law." *O.L. v. R.L.,* 62 S.W.3d 469, 473 (Mo.App. W.D.2001). A defending party may establish its right to summary judgment against

a pending claim by demonstrating facts that negate any elements of the plaintiff's case. *Id.* The plaintiff can defeat the motion only by demonstrating "a genuine dispute of material fact regarding one or more of the material facts relied upon by the defendant." *Id.*

In his first point, Johnson argues that *res judicata* does not bar his claim that § 558.011 is "unconstitutionally vague" because the claim was not previously made or ruled upon in the prior *habeas corpus* proceedings.

"The doctrine of *res judicata,* commonly referred to as 'claim preclusion,' operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." *Kennedy v. Missouri Atty. Gen.,* 920 S.W.2d 619, 621 (Mo.App. W.D.1996). But *res judicata* will only bar a claim when the previous determination addressed the merits of the claim. *S.M.B. by W.K.B. v. A.T.W.,* 810 S.W.2d 601, 605 (Mo.App. E.D. 1991). "A judgment on the merits is one rendered after argument and investigation and when it is determined which party is in the right, as distinguished from a judgment rendered upon some preliminary or technical point, or by default, and without trial." *Laususe v. Normandy Osteopathic Hosp.,* 918 S.W.2d 953, 956 (Mo.App. E.D. 1996). "Where there is a question whether the previous decision went to the merits of the case, no preclusive effect is given to the earlier decision." *S.M.B.,* 810 S.W.2d at 605. *Res judicata* "does not bar a subsequent action ... when the first judgment is rendered because the plaintiff misconceived his remedy or chose the wrong form of proceeding." *Owens v. Government Employees Ins. Co.,* 643 S.W.2d 308, 310 (Mo.App. E.D.1982).

In this case, Johnson's *habeas corpus* petition in this court was summarily denied upon review of the petition and suggestions of the parties. The order denying the petition states: "Petitioner's petition for writ of habeas corpus filed December 11, 2000, is taken up and considered, and the court, being fully informed, does hereby deny the petition." Summary denial of a petition for writ of *habeas corpus* can be for any number or reasons, including, for example, failure to include all necessary documents necessary to show entitlement to the writ. As our Supreme Court observed with respect to a petition for a writ of prohibition, the mere denial of the petition "where the appellate court issues no opinion is not a conclusive decision on the merits of the issue presented." *Rodriguez v. Suzuki Motor Corp.,* 996 S.W.2d 47, 61 (Mo. banc 1999). "Indeed, there are a number of reasons why the appellate court might decline to review a writ petition on the merits. ..." *Id.* As noted, *supra,* preclusive effect is not given to a decision when there is a question as to whether the decision reached the merits of the case. *S.M.B.,* 810 S.W.2d at 605. Here, it cannot be said that the petition for writ of *habeas corpus* was decided on the merits. Accordingly, the trial court erred in determining that Johnson's claim was barred by *res judicata.*

While Johnson's claim was not barred by *res judicata,* if the grant of summary judgment can be sustained under any reasonable theory, "we must do so even if the trial court reached the correct result for the wrong reasons." *Kilventon v. United Mo. Bank,* 865 S.W.2d 741, 743 (Mo.App. W.D.1993). A review of the record shows that Johnson's claim that § 558.011 establishes a five-year maximum term of parole for his sentence of twenty-

five years is based on a misunderstanding of the statute.

Section 558.011.4 provides, in relevant part:

(1) A sentence of imprisonment for a term of years for felonies other than dangerous felonies as defined in section 556.061, RSMo, and other than sentences of imprisonment which involve the individual's fourth or subsequent remand to the department of corrections shall consist of a prison term and a conditional release term. The conditional release term of any term imposed under section 557.036 RSMo, shall be:

* * *

(c) Five years for terms more than fifteen years; and the prison term shall be the remainder of such term. The prison term may be extended by the board of probation and parole pursuant to subsection 5 of this section.

Subsection 5 provides: "The date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole. . . ." The statute also provides the following:

(2) "Conditional release" means the conditional discharge of an offender by the board of probation and parole, subject to conditions of release that the board deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the state board of probation and parole. The conditions of release shall include avoidance by the offender of any other crime, federal or state, and other conditions that the board in its discretion deems reasonably necessary to assist the releasee in avoiding further violation of the law.

Section 558.011 simply establishes that Johnson's sentence of twenty-five years of imprisonment consists of both a prison term and a conditional release term. Johnson's conditional release term is five years, and his prison term is the remainder of the term of imprisonment—twenty years. When Johnson was paroled, however, he had not yet reached his conditional release date. Johnson was placed in the custody of the Missouri Department of Corrections on March 8, 1983, and, with credit for jail time, his sentence start date was May 7, 1982. On August 6, 1993, after serving more than eleven years of his sentence and prior to his conditional release date, Johnson was released on parole. More than six years later, Johnson's parole was revoked on November 18, 1999. At this point, Johnson had served about seventeen years of his twenty-five year sentence, and his conditional release date still had not arisen. Accordingly, the conditional release statute had no bearing on the Board's ability to revoke Johnson's parole.

█ This court has previously determined that an inmate's entitlement to conditional release cannot be established until the inmate completes the prison term of his sentence pursuant to 558.011.4, which for Johnson would be twenty years. *See Elliott v. Carnahan,* 916 S.W.2d 239, 241 (Mo.App. W.D.1995). In *Elliott,* the defendant was sentenced to fifteen years and, pursuant to § 558.011.4, was to serve twelve years in prison and three years on conditional release. *Id.* After serving only six years of his sentence, Elliott challenged the application of the statute to his case on equal protection grounds. *Id.* at 241–42. We determined that Elliott's "entitlement to conditional release on a given date has not been established and cannot be established at this time." *Id.* at 241. Not only had Elliott not reached his conditional release date, but even if he had, we noted that subsection five of the statute makes it clear that his release would not be auto-

matic. *Id.* Subsection five of the statute, which was added in 1982, provides: "The date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole." § *558.011.5.* In interpreting the statute, this court has held that an inmate does not have a liberty interest in being released on his conditional release date. *Miller v. Mitchell,* 25 S.W.3d 658, 664 (Mo.App. W.D.2000). "'A prisoner has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence.'" *Elliott* 916 S.W.2d at 241 (quoting *Fults v. Missouri Bd. of Prob. & Parole,* 857 S.W.2d 388, 392 (Mo.App. 1993)).

Johnson was not released pursuant to § 558.011; he was placed on parole pursuant to the general parole statute, § 217.690.[3] That section provides:

When in its opinion there is reasonable probability that an offender of a correctional facility can be released without detriment to the community or to himself, the board may in its discretion release or parole such person except as otherwise prohibited by law.

\* \* \*

A parole shall be ordered only for the best interest of society, not as an award of clemency; *it shall not be considered a reduction of sentence* or a pardon. . . . Every offender while on parole *shall remain in the legal custody of the department* but shall be subject to the orders of the board.

(emphasis added).

Accordingly, when Johnson was released on parole, his twenty-five year sentence was not reduced, and he remained in the legal custody of the Department of Correc-

---

**3.** The version of the statute in effect at the time of Johnson's parole was RSMo Cum. Supp.1992. As stated in footnote one, *supra,* a prisoner does not have a liberty interest in the application of the statutory language that was in effect at the time of his offenses unless he demonstrates that he would have been entitled to parole under the old statute before it was repealed. *Wheat,* 932 S.W.2d at 839. Johnson has not argued on appeal that he was entitled to have the old statute applied to his case, nor has he claimed that he was entitled to parole under the old statute before it was repealed.

We note that Section 217.690 was enacted in 1982 to replace the repealed statute, § 549.261. Both statutes require the "board to determine whether the inmate could be released without detriment to the community or to himself." *State ex rel. Shields v. Purkett,* 878 S.W.2d 42, 44 (Mo. banc 1994). "The primary distinction between the two statutes is that, once this condition is met, the old statute states that the board 'shall' release or parole the inmate, whereas the current statute states that the board 'may in its discretion' release or parole the inmate." *Id.* (internal citations omitted). "[T]he mandatory language of the old statute created a liberty inter-

est in parole once the statutory requirements had been satisfied." *Id.* In *Shields,* the court determined that the defendant had a liberty interest in having the parole statutes that were in effect at the time of his offenses applied to his case. *Id.* at 47. In a later opinion, the court noted that "*Shields* does not stand for the proposition, nor should it be interpreted, that a parole hearing must always be conducted under the law in effect at the time of the offense." *State ex rel. Cavallaro v. Groose,* 908 S.W.2d 133, 137 (Mo. banc 1995). Rather, the liberty interest arises "only after the statutory and regulatory conditions in the old law have been satisfied." *Id.* See also *Wheat,* 932 S.W.2d at 839 (quoting *Williams v. Gammon,* 912 S.W.2d 80, 84 (Mo. App.1995)) (" '[a] prisoner has no liberty interest in the application of the statutory and regulatory conditions for parole in effect at the time of the offense, rather than those currently in effect, unless he can show that he would have been entitled to parole under the older standard' before it was repealed."). Johnson has not argued that, prior to the enactment of the new statute, he was entitled to parole under the old statute. As such, we agree with the Board's claim that § 217.690 was applied to Johnson's case.

tions and subject to the orders of the Board. The Board's "Order of Release on Parole" complies with the statute and states that during parole, Johnson "shall remain in the legal custody of the Missouri Department of Corrections, but shall be amenable to the order of the Board of Probation and Parole until date of expiration, or until returned to the Missouri Department of Corrections Board of Probation and Parole." When Johnson violated the conditions of his parole, he was returned to the custody of the Department of Corrections.

The Board does have the *discretion* to release an inmate from supervision prior to the completion of the inmate's sentence and may do so by entering a final order of discharge. *See* § 217.730.2, which provides the following:

> When an offender on parole or conditional release, before the expiration of the term for which the offender was sentenced, has performed the obligation of his parole for such time as satisfies the board that his final release is not incompatible with the best interest of society and the welfare of the individual, *the board may make a final order of discharge and issue a certificate of discharge to the offender.* No such order of discharge shall be made in any case less than three years after the date on which the offender was paroled or conditionally released except where the sentence expires earlier.

(emphasis added).

Johnson has not claimed that the Board ever issued a final order of discharge. He

was, therefore, subject to the Board's supervision when his parole was revoked prior to the expiration of his twenty-five year sentence.

Johnson apparently believes that when the Board released him on parole after he served eleven years in prison, his conditional release term automatically went into effect, pursuant to § 558.011.4, and the Board was required to release him from supervision after five years. If we were to apply Johnson's reading of the statute, and hold that the Board was required to release Johnson from supervision after he served five years on parole, we would effectively reduce his twenty-five year sentence to sixteen years. Such an argument ignores the fact that § 217.690 expressly states that parole is not a reduction in sentence.

Accordingly, when Johnson filed his petition for declaratory judgment, he had not yet reached his conditional release date and, consequently, was not entitled to have § 558.011 applied to his case. Johnson was paroled pursuant to § 217.690, well before his conditional release date. The Board retained the authority to supervise Johnson until his twenty-five year sentence expired. When Johnson violated the conditions of his parole, the Board had the authority to return him to prison. Section 558.011 did not affect the Board's discretion, nor did it reduce the length of Johnson's sentence.[4] Point denied.

In his second point, Johnson contends that *res judicata* does not bar his claim

---

4. In his memorandum supporting his motion for summary judgment, Johnson cites to language from the historical notes of § 558.011 to support his argument. The "Comment to 1973 Proposed Code" provides in relevant part: "The 'prison term' is the maximum time a person can be held in prison before conditional release. The 'conditional release term'

is the maximum length of time a person must satisfactorily serve on parole before he is finally discharged, regardless of the point in time when he is released from his confinement in prison." While the comment could be interpreted as providing support for Johnson's argument, the legislature clearly did not incorporate into the statute a requirement

that 14 CSR 80–2.030 violates the Missouri constitution because the argument was not made or ruled upon in the prior *habeas corpus* proceedings.

As explained, *supra,* the denial of Johnson's *habeas corpus* petition had no preclusive effect because it was not a decision on the merits. Therefore, to the extent that the trial court relied on *res judicata* in granting the Board's motion for summary judgment on this issue, it erred.

But this does not conclude our inquiry because Johnson's claim is barred as a matter of law. In his petition for declaratory judgment, Johnson challenged the following language in the regulation: "Any inmate paroled from the Missouri Department of Corrections will be subject to parole supervision until completion of the maximum sentence." 14 CSR 80.2.030(7)(A). Johnson claimed that the regulation authorizes the Board to extend its supervision of prisoners beyond "the five year supervision term set forth under § 558.011.4(1)(c)."

Section 217.690.3 provides the Board with the authority to promulgate rules concerning the eligibility of prisoners for parole. Section 217.690.3 states: "The board shall adopt rules not inconsistent with law, in accordance with section 217.040, with respect to the eligibility of offenders for parole, the conduct of parole hearings or conditions to be imposed upon paroled offenders." *See also Anselmo v. Missouri Bd. of Prob. & Parole,* 27 S.W.3d 831, 833 (Mo.App. W.D.2000). As stated *supra,* § 558.011 merely sets forth terms of conditional release for various prison terms. It does not provide that a prisoner who is released on parole prior to the completion of his or her prison term automatically has his or her prison term extinguished and that the conditional release term begins immediately. The Board's regulation states the obvious: release on parole does not result in a reduction of a prisoner's sentence, and a prisoner who is released on parole may be supervised by the Board until the completion of his or her sentence. Point denied.

The judgment is affirmed.

All concur.

that prisoners released on parole must be released from supervision prior to the expiration of their sentences. Nothing in the express language of the statute suggests that a paroled inmate must be released from supervision prior to the expiration of the inmate's sentence and after serving a specified number of years on parole. Such an interpretation would be in direct conflict with § 217.690.